JANET BUTLER, *et al.*, v. SAMUEL CRAIG, *et al.*

1. JUDICIAL SALE; *Surplus Proceeds, Title to.* Where a judgment is rendered against N., and afterward N. sells and conveys a portion of his real estate to R., in fee, subject however to the lien of the judgment; and afterward such real estate is sold at judicial sale to satisfy such judgment; and after the satisfaction of such judgment, a surplus fund still remains in the hands of the officer, it being a portion of the proceeds of such sale, and the officer delivers this surplus fund to the clerk of the district court: *Held,* That R., as the representative of N., is entitled to such surplus fund.

2. ———— *Erroneous Order.* Afterward, the district court made an order that the clerk of the district court should retain said surplus fund, so that R. and N. might interplead for the same, and that if R. should fail to interplead for the period of thirty days, that the said surplus fund should be paid to N. R. was not a party to the action, and said order was made without notice to him. *Held,* That the order is erroneous, and that it is void as to R.

*Error from Shawnee District Court.*

THE plaintiffs in error, *Butler* and another, bring to this court for review certain rulings and orders made by the district court, June 3, 1882. All necessary facts, pleadings and proceedings are stated in the opinion.

*J. P. Greer,* for plaintiffs in error.

The opinion of the court was delivered by

VALENTINE, J.: This case is a branch of the same litigation which furnished the case of *Noble v. Butler,* 25 Kas. 645.

In this case it appears that on February 1, 1875, Janet But-
ler recovered a judgment in the district court of Shawnee
county against Samuel F. Craig and George M. Noble, for
the sum of $1,423, with interest at 12 per cent. per annum.
Afterward, the real estate of Craig was sold at judicial sale,
on an order of sale, issued out of said court, to satisfy said
judgment. Said real estate was sold for $1,053.60, leaving
an unpaid balance of $369.40 on said judgment. This levy
and sale exhausted all of Craig's property subject to judicial
sale. In the meantime, the defendant George M. Noble was
the owner in fee of lots Nos. 385 and 387, Taylor street, To-
peka. In October, 1878, Noble sold and conveyed these lots
to Harvey M. Rounsaville, who thereby became the owner
thereof in fee, subject however to the lien of the plaintiff
Butler's judgment. At the time when said lots were levied
on and sold, and at the time when said sale was confirmed,
Rounsaville was in the actual possession of the lots under
his deed from Noble. The lots were sold for $1,334, which,
after paying off the balance of the Butler judgment and in-
terest and costs, left a balance of $369.40 in the sheriff's
hands. This balance the sheriff delivered to the clerk of the
district court at the time when he returned the writ.

The question now presented to this court by counsel is this:
Who is entitled to receive this balance? Section 466 of the
civil code provides, among other things, as follows: "The
sheriff or other officer shall, on demand, pay the balance to
the defendant in execution, or his legal representatives." The
district court made the following order with reference to this
balance: "That the clerk of this court retain said balance,
so that the said Harvey M. Rounsaville and the said George
M. Noble may interplead for the same; and if the said Har-
vey M. Rounsaville fails to interplead for said balance within
thirty days from this date, that the same be paid to the said
George M. Noble." We think that Rounsaville, as Noble's
representative, is entitled to receive this balance. (Code,
§ 466; Herman on Executions, 457.) This balance stands
in the place, so far as it goes, of the estate which Rounsaville

has lost; and it belongs to him, as the owner of the property sold. (*Bitting and Waterman's Appeal,* 17 Pa. St. 211, 215; *Siter, James & Co.'s Appeal,* 26 Pa. St. 178, 181; *Matthews v. Duryee,* 45 Barb. 69; same case, 4 Keyes, 525; *Tabele v. Tabele,* 1 Johns. Ch. 45; *Vartie v. Underwood,* 18 Barb. 561.) If § 466 of the civil code is to control the disposition of this balance, then it certainly belongs to Rounsaville, and should be kept until he demands it and then paid over to him; and whether it controls absolutely or not, it should certainly have great weight in the determination as to whom the balance belongs. The balance should always go to the person to whom in law and equity it more properly belongs.

Where lands are sold under a judgment, and surplus money accrues, which is brought into court, the other creditors have the same liens upon the surplus money which they held upon the lands before the sale. (*Averill v. Loucks,* 6 Barb. 470; *Douglass's Appeal,* 48 Pa. St. 223. See also *Jones Stationery and Paper Co. v. Hentig,* ante, p. 75.)

It is also suggested that Rounsaville is not in court asserting any right to this surplus fund. This is true, and therefore he is not bound by the order of the court requiring him to interplead, with Noble, for such fund. A judgment or order, without notice, is void. (*Mastin v. Gray,* 19 Kas. 458, 461, *et seq.,* and cases there cited.) One, not a party or privy, is not bound to take notice of proceedings in court; nor does he lose any right; nor is he bound to attend to his interest in the surplus money, arising at a sale of which he is not presumed to have notice, so as to protect himself. (*Mills v. Van Voorhis,* 23 Barb. 136.) Jurisdiction of the person is essential to the validity of a judgment or order affecting a party personally. See also, with reference to Rounsaville's rights, *Wolf v. Payne,* 35 Pa. St. 97, 99.

The order and judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.