Mary L. GOFORTH (Plaintiff), Appellant,

v.

Joshua W. GOFORTH (Defendant),
Respondent.

No. 29626.

St. Louis Court of Appeals.

Missouri.

May 7, 1957.

Robert A. McIlrath, Flat River, for appellant.

C. J. Pursey, St. Louis, Roberts & Roberts, Farmington, for respondent.

GEORGE ADAMS, Special Judge.

This is an appeal from an order in a garnishment proceeding wherein the Circuit Court of St. Francois County, Missouri directed the release of all but 10% of defendant's wages.

On April 2, 1955, plaintiff-appellant obtained a divorce from defendant-respondent and was awarded custody of the five minor children of the parties and $25 per week "for the support of said children."

In November, 1955, an execution was issued to enforce payment of $825 child support and $77 court costs due plaintiff under the divorce decree. The execution was directed to the sheriff of the City of St. Louis. Thereafter, in answer to interrogatories filed by plaintiff, the Bemis Brothers Bag Company, as garnishee, acknowledged it was indebted to defendant in the sum of $1,127.01 as wages due.

Defendant filed a motion for release of 90% of the wages attached on the ground that that part of his wages was exempt under Section 525.030. (All statutory references are to RSMo 1949, V.A.M.S.). The motion was supported by defendant's affidavit to the effect that he was a resident of Missouri and the head of a household maintaining a home for "his wife Irene Goforth."

No evidence was heard and on May 14, 1956 the court entered the following "judgment":

"Now on this 14th day of May, this cause comes on for a hearing, the Court after being fully advised, orders and decrees that the Bemis Bag Company release all of the moneys they owe to Joshua W. Goforth, except

10% thereof, and that the Sheriff of the City of St. Louis release any and all moneys garnisheed except 10% thereof, and it is further ordered and agreed (sic) that in the event the Bemis Brothers Bag Company of St. Louis, Missouri, and the Sheriff of St. Louis, Missouri, fail and refuse to release the moneys belonging to the defendant except 10% thereof, then the execution and garnishee (sic) heretofore issued and the same is hereby set aside and is not (sic) held."

Thereafter, plaintiff filed Notice of Appeal as follows:

"Notice is hereby given that Mary L. Goforth above-named, hereby appeals to the St. Louis Court of Appeals from the Judgment entered in this action on the 14th day of May, 1956."

On this appeal plaintiff assigns as error the action of the trial court "in sustaining the defendant's motion to release ninety per cent (90%) of the wages of the defendant" for the reason that the judgment sought to be enforced fell within the provisions of Section 452.140 and defendant was not entitled to any exemption.

In addition to briefing the case on the merits, defendant has filed a motion to dismiss this appeal on the ground that the order of the Court of May 14, 1956, was not a final judgment.

■ Except where a separate trial limiting the issues has been ordered under Section 510.180, subd. 2, and Supreme Court Rule 3.29, a judgment to be final and appealable must dispose of all issues and all parties. State ex rel. State Highway Commission v. Hammel, Mo.Sup., 290 S.W.2d 113, 116(3); Adams v. Adams, Mo.Sup., 294 S.W.2d 18, 20(2).

■ The order "appealed" from was not a final judgment. It did not dispose of all parties and all issues. It simply directed the sheriff and garnishee to allow defendant the exemption he claimed by ordering the release of all but 10% of his wages. It was nothing more than a "preliminary order" as was the order in Barnes Hospital v. Quinlivan, Mo.App., 136 S.W.2d 332; or an order "to issue to the judgment debtor the exemption provided in Section 525.030" as in Dyer v. Martin Loan & Finance Co., Inc., Mo.App., 281 S.W.2d 633, 635. The main issues of the case (among which might be the determination of the amount owed by garnishee to defendant, the discharge of garnishee and a reasonable allowance for its trouble and expenses in answering interrogatories, the amount due plaintiff and/or defendant, the distribution of funds and the assessment of costs) were not finally disposed of.

No order for a separate trial on the issues raised by defendant's motion was made and consequently no appeal was authorized by Supreme Court Rule 3.29.

Defendant's motion to dismiss the appeal should be sustained. Appeal is dismissed.

ANDERSON and MATTHES, JJ., concur.