No. 41,357

FRANCES E. FANGROW, *Appellant*, v. FREDRICK FRANKLIN FANGROW, *Appellee*.

(341 P. 2d 998)

Opinion filed July 10, 1959.

*Chas. F. Burkin, Jr.*, of Kansas City, argued the cause, and was on the briefs for appellant.

Appellee makes no appearance.

The opinion of the court was delivered by

FATZER, J.: This is an appeal from an order quashing an execution levied upon real estate and setting aside the sale thereunder.

On March 5, 1954, in a divorce proceeding in the district court of Wyandotte county, plaintiff Frances E. Fangrow was granted a divorce from defendant Fredrick Franklin Fangrow, and was awarded the custody of two minor children of the marriage. The decree settled the property rights of the parties, and provided that defendant pay the sum of $15 per week for the support of the minor children. Plaintiff was awarded certain real estate in Johnson county and the household goods as "her sole and separate property, free and clear of any right or claim of the defendant." The remainder of the real property consisting of two tracts of real estate in Wyandotte county was set aside to the defendant as "his sole and separate property, free and clear of any right or claim of the plaintiff." The decree further provided that defendant pay plaintiff's attorney, as and for attorney's fee, the sum of $150.

The defendant paid nothing on the child support installments as required by the decree, and the attorney's fee was never paid.

Several proceedings in contempt were had and garnishment summons was issued and served on tenants of the defendant occupying one of the tracts of real estate set over to him by the decree, which is the real estate involved in this appeal.

On April 8, 1957, approximately two weeks after the garnishment summons was issued and served, the defendant conveyed the real estate involved in this appeal to his daughter by a previous marriage, Daisy B. Link, and her husband Charles Link, in joint tenancy by warranty deed, which was filed of record in Wyandotte county May 9, 1957.

On October 1, 1957, praecipe was filed by plaintiff directing that execution be issued against the real estate in question. On the same day, an execution was issued reciting a judgment against the defendant for due and unpaid child support installments in the amount of $2,955, $150 attorney's fees, costs of suit in the amount of $26.40 and accruing costs, describing the real estate in question, and commanding the sheriff, for want of goods and chattels of the defendant, to levy upon the real estate described.

The sheriff levied the writ of execution upon the real estate; notice of sale under the execution levy was duly made according to law, and on November 19, 1957, the sheriff, at a sheriff's sale and pursuant to the execution, sold the real estate described therein to Claude L. Higgins for the sum of $280.24, the proceeds of which were distributed by the clerk of the district court as follows: $222.62

for ad valorem taxes due and unpaid, and after a distribution of the balance for costs, a deficiency of $3,105 remained unpaid on the judgment of the plaintiff.

On November 26, 1957, Daisy B. and Charles Link filed a motion to quash the execution and to set aside the sheriff's sale for the reason that they were, at the time of the levy of the execution and sale of the real estate, the fee title owners of record thereof; that the decree of divorce did not provide that the installments for child support or plaintiff's attorney's fees were a lien upon the defendant's real estate and the defendant's personal obligation to pay the child support installments did not impress his property with a trust or otherwise limit his right to convey the real estate, and that they were not given notice of the levy of execution.

Prior to the hearing of the motion to quash the execution and set aside the sheriff's sale, Claude L. Higgins and his wife conveyed by quitclaim deed the property purchased at the sheriff's sale to plaintiff's counsel of record.

Briefs were submitted and the motion argued by counsel for both parties, following which and on July 10, 1958, the district court ordered that the execution levied on the real estate be quashed, and the sheriff's sale be set aside and held for naught. Hence, this appeal.

It is noted that the proceeds of the sale paid only the taxes due on the real estate and costs of the action; no part of the amount due and unpaid for child support was realized; consequently, the purpose of the execution was defeated. The record does not disclose the reason the district court quashed the execution and set aside the sheriff's sale, and plaintiff's brief fails to enlighten this court in that respect. Error is never presumed, and it is encumbent upon the party complaining to indicate wherein it was committed. (*Quivira, Inc. v. Quivira Co. Inc.,* 173 Kan. 339, 245 P. 2d 972; *Quick, Receiver v. Purcell,* 179 Kan. 319, 295 P. 2d 626; *Rice v. Hovey,* 180 Kan. 38, 39, 299 P. 2d 45.) Since plaintiff has not made it to affirmatively appear that the district court erred in quashing the execution and setting aside the sheriff's sale, it follows that the judgment must be affirmed.

This opinion is not to be construed as any indication or inference that this court is departing from the well-established rule that due and unpaid child support installments decreed in a divorce action for the support and education of minor children of a marriage be-

come final judgments and a lien upon the real estate of the debtor father as of the date they become due, in the same manner and to the same extent as other judgments of courts of record of this state (G. S. 1949, 60-3126; *Sharp v. Sharp*, 154 Kan. 175, 177, 117 P. 2d 561; *McKee v. McKee*, 154 Kan. 340, 118 P. 2d 544; *Haynes v. Haynes*, 168 Kan. 219, 223, 212 P. 2d 312; *Andrews v. Andrews*, 171 Kan. 616, 617, 237 P. 2d 418; *Peters v. Weber*, 175 Kan. 838, 267 P. 2d 481; *Ortiz v. Ortiz*, 180 Kan. 334, 338, 304 P. 2d 490; *Edwards v. Edwards*, 182 Kan. 737, 744, 745, 324 P. 2d 150), and may be collected in the same manner as other judgments. See, *Hurd v. Hixon & Co.*, 27 Kan. 722, 727; *Butler v. Craig*, 29 Kan. 205, and *Bank v. Backus*, 108 Kan. 779, 196 Pac. 1074. Furthermore, when payment of child support is ordered to be made in installments, a final judgment results as each installment becomes due and unpaid, or, so many of them as may be due and unpaid at any one time may be determined to be the total judgment by a simple mathematical calculation. It is unnecessary for a court to reduce due and unpaid installments to a lump-sum judgment before each of such judgments, or a total of them, may be enforced.

The judgment is affirmed.