Thomas C. BROWN, d/b/a Brown Meat Co., Plaintiff-Appellant,

v.

Charles BREWINGTON, Defendant-Respondent.

No. 35254.

Missouri Court of Appeals, St. Louis District, Division One.

Aug. 27, 1974.

Edward O. Hancock, St. Louis, for plaintiff-appellant.

Rooney, Webbe, Davidson & Schlueter, Daniel H. LeGear, Jr., St. Louis, for defendant-respondent.

DOWD, Chief Judge.

A garnishment action. This is an appeal from an order by the Circuit Court of St. Louis County entered in a garnishment action overruling plaintiff-appellant's motion to set aside an order directing the release of 90% of defendant-respondent's wages.

The facts surrounding the litigation are as follows: Defendant-respondent was obligated under a judgment to make child support payments to his former wife, Patricia Ann Brewington (now known as Patricia Ann Williams). Pursuant to this judgment, Patricia Ann Williams caused execution and garnishment to issue against defendant, directed to plaintiff Thomas C. Brown, d/b/a Brown Meat Company, as garnishee. Brown was defendant's employer at the time of the garnishment. Brown failed to withhold defendant's wages as required by the garnishment. Thereupon, Patricia Ann Williams successfully sought and obtained a judgment against plaintiff Brown in the sum of $1800.60. Brown paid this amount, thereby satisfying the judgment rendered against it in favor of Patricia Ann Williams. Patricia Ann Williams then executed an assignment in the sum of $1800.60 to Brown of her claim against defendant for the delinquent child support payments.

Plaintiff Brown then instituted a subrogation action against defendant and recovered a judgment against defendant in the sum of $1800.60, and interest of $118.99, totalling $1919.56, plus costs. On December 6, 1972, plaintiff Brown caused execution and garnishment of this judgment against defendant, directed to Refrigerated Distributors, Inc., as garnishee. Refrigerated Distributors was defendant's employer at the time of this garnishment.

On December 18, 1972, the Circuit Court directed the Sheriff of St. Louis County to release 90% of defendant's salary to defendant, as an "exemption" from garnishment pursuant to § 525.030 RSMo Supp. 1971. Plaintiff Brown then moved to set aside the order of the Circuit Court on the grounds that plaintiff was subrogated to Patricia Ann Williams, and the statute would not have barred her garnishment of 100% of defendant's wages. The motion was overruled, and plaintiff appeals.

■ Defendant-respondent has filed a motion to dismiss this appeal on the grounds that the order overruling plaintiff's motion to set aside the exemption is not an appealable order. Respondent cites Goforth v. Goforth, 301 S.W.2d 877 (Mo. App.1957), as authority for the proposition that an order granting the 90% exemption from garnishment is not an appealable order. Goforth v. Goforth, *supra*, held that such an order did not dispose of "all issues and all parties." The court then went on to list some of the possible issues of which disposition might be necessary. We find none of those extraneous issues unresolved in the present case nor does respondent raise any issue that will not be disposed of by this appeal. The award of the exemption is the only point of disagreement between the parties. Accordingly, respondent's motion to dismiss the appeal is denied.

■ The issue on this appeal is whether the order releasing 90% of defendant's

wages was proper. Said another way, was plaintiff as assignee or subrogee of Patricia Ann Williams' judgment for support entitled to garnish 100% of defendant's wages due to the fact that no exemption would have been allowed had the garnishment been brought by Patricia Ann Williams?

Plaintiff-appellant Brown contends that because he is subrogated to Patricia Ann Williams plaintiff is entitled to the same rights as Mrs. Williams, to wit, the statutory 10% limit on garnishment is not available to the defendant since the garnishment retains its character as child support payments. Defendant, on the other hand, contends that once Patricia Ann Williams assigned her claim to plaintiff, the garnishment lost its status as child support. We agree with defendant.

■ The statute at issue in this case is § 525.030 RSMo Supp.1971, V.A.M.S. which provides, in pertinent part, as follows:

2. The maximum part of the aggregate earnings of any individual for any workweek, . . . . which is subjected to garnishment may not exceed . . . if the employee is the head of a family and a resident of this state, ten percentum, . . . .

The restrictions on the maximum earnings subjected to garnishment do not apply in the case of any *order of any court for the support of any person* . . . . (Emphasis added).

It is uncontested that defendant meets the requirements of the statute. It is not disputed that he is the head of a family and a resident of this state. The remaining question is whether the present garnishment of Brown against defendant is for "any order of any court for the support of any person." Clearly it is not. Brown became personally liable when he failed to withhold defendant's wages as required by the original garnishment of the former wife against defendant. Accordingly, defendant's former wife obtained a judgment against Brown. Later, she executed an assignment of her child support judgment to Brown.

The garnishment before us is not for child support but rather to reimburse Brown for a judgment obtained against him. We do not believe the principles of subrogation and assignment are applicable here.

Section 525.030 RSMo Supp.1971, V.A. M.S., clearly expresses a legislative intent that the head of a family is entitled to a 10% limit on any garnishment of his wages. The obvious purpose of this limitation is to enable a wage earner to support his family. The only restriction on this 10% limitation is where the garnishment is for support.

■ In construing a statute, a court should seek to avoid unjust, unreasonable, or oppressive results. Hasekamp v. Superior Equipment Co., Inc., 490 S.W.2d 385 (Mo.App.1973). Here the garnishment is on the wages of the defendant, who is the head of a family, and he thus qualifies for the 10% limitation. As said the garnishment is not based on an order for child support. The trial judge properly followed the clear meaning of the statute in releasing 90% of defendant's wages to the defendant.

The judgment is affirmed.

SIMEONE and WEIER, JJ., concur.