Gordon M. PELLERIN *v.* Kathryn Herring PELLERIN

75-341                                        534 S.W. 2d 767

Opinion delivered April 5, 1976

---

*Lesly W. Mattingly,* for appellant.

*Spitzberg, Mitchell & Hays,* for appellee.

FRANK HOLT, Justice. This appeal results from an order of the chancellor dismissing appellant's motion to quash garnishments of his income from his present employer and also his monthly retirement income from the United States government. The garnishments were issued to collect a $4,-640 judgment that was rendered by the chancellor in June, 1972, for child support arrearage. Appellant first contends that the chancellor erred in not applying the restrictions on garnishments found in 15 USC § 1673 (a) (1970). We cannot agree.

§ 1673 provides in pertinent part:

(b) The [garnishment] restrictions of subsection (a) of this section do not apply in the case of
(1) any order of any court for the support of any person.

Appellant argues that here there is no order, only a judgment for a debt due. He asserts an order and judgment are separate and distinct and, therefore, the exception under § 1673 (b) (1) does not apply. The legislative history of § 1673 appears to the contrary. In pertinent part, it provides:

The restrictions on garnishment provided for in the bill does not apply to any debt due to a court order for the

support of any person (domestic relations cases) or for State or Federal taxes. (U. S. Code Congressional and Administrative News. (1968) P. 1978.)

If the exception in subsection (b) (1), *supra,* was restricted to a mere order and not a judgment, it would render that subsection meaningless. There can be no garnishment on a support order that has not been reduced to a judgment. Cf. *Brun v. Rembert,* 227 Ark. 241, 297 S.W. 2d 940 (1957). We hold that, in the case at bar, the judgment, based upon a court order for child support arrearage, comes within the exception in § 1673 (b) (1) and the chancellor was, therefore, correct in holding that the limitations of § 1673 (a) were not applicable.

Appellant next asserts that the chancellor erred in applying the provisions of 42 USC § 659 (Supp. 1974) to a judgment entered on June 22, 1972. § 659 provides:

CONSENT BY UNITED STATES TO GARNISHMENT AND SIMILAR PROCEEDINGS FOR ENFORCEMENT OF CHILD SUPPORT AND ALIMONY OBLIGATIONS

Notwithstanding any other provisions of law, effective January 1, 1975, moneys (the entitlement of which is based upon remuneration for employment) due from, or payable by, the United States (including any agency or instrumentality thereof and any wholly owned Federal corporation) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make [money] payments.

The lower court applies this act to allow garnishment of appellant's retirement income from the United States Air Force. Appellant's position is that to permit garnishment of his income based upon a 1972 judgment is to give § 659 a retroactive effect. We do not read this statute to mean, as appellant contends, that it does not apply to judgments rendered before January 1, 1975. By the provisions of this act

the shielding cloak of sovereign immunity to garnishment proceedings was merely removed.

Affirmed.