(582 P.2d 1165)
No. 49,187

JENNIFER (TUBBS) BROWN, *Appellee*, v. STEVEN D. TUBBS, *Appellant*.

Opinion filed September 1, 1978.

*Bryan E. Nelson* of Alder & Zemites, of Overland Park, for the appellant.

*Kim Daniel Richey*, deputy district court trustee, for the appellee.

Before SWINEHART, P.J., SPENCER and MEYER, JJ.

SPENCER, J.: This is an appeal from an order of unrestricted wage garnishment entered in proceedings initiated by the Johnson County District Court Trustee per K.S.A. 23-496. At issue are: (1) Is there an appealable order? (2) Is wage garnishment for past due child support an exception to the restrictions set forth in K.S.A. 60-2310(*b*)?

The parties were divorced by decree entered July 10, 1975. Plaintiff was awarded custody of their two minor children and defendant was ordered to pay $35 per week child support and $15 per week alimony. Both parties remarried and defendant has a child by his second marriage.

Defendant was approximately $4,555 in arrears in combined alimony and child support when civil contempt proceedings were instituted against him early in 1977. On March 9, 1977, the trial court reduced defendant's child support obligation to $15 per week. It is presumed the obligation for alimony ceased upon plaintiff's remarriage.

On March 17, the court trustee secured an order of garnishment of defendant's wages. On March 29, defendant filed a motion to quash that order. On April 1, the City of DeSoto as garnishee filed an answer stating that defendant's total wages for the period of March 15 to March 31, 1977, were $315, of which $274.90 were disposable earnings. On April 4, a hearing was held on defendant's motion to quash and the court took the matter under advisement. On April 8, the court ordered the garnishee to pay in fifty percent of the disposable earnings owed defendant for the

garnishment period. On April 21, defendant filed his reply to the garnishee's answer. The trial court overruled defendant's motion to quash by decision entered May 16 and defendant filed his notice of appeal from that order on May 19. A journal entry was filed May 23, 1977.

Plaintiff has challenged the jurisdiction of this court, noting that the overruling of a motion to quash an order of garnishment is not a final decision appealable as of right, citing *Gulf Ins. Co. v. Bovee,* 217 Kan. 586, 538 P.2d 724 (1975). He also notes that the order to pay in the garnished funds would be a "final decision" subject to appeal.

This case would not differ materially from *Gulf Ins. Co. v. Bovee,* supra, except that an order directing the garnishee to pay has in fact been entered. Such an order to pay constitutes a final judgment in a garnishment proceeding. Although the point has not been raised, it appears that the trial court may have "jumped the gun" in entering its order to pay in. That order was entered April 8, 1977, just eight days after the answer of the garnishee. Under K.S.A. 60-718(*c*), defendant had twenty days from the date of filing the garnishee's answer in which to reply. This he did on April 21, 1977. His reply raised the same issues as his motion to quash, which had been heard before the order to pay in but was not decided until sometime later. The effect of this procedure was that the court's ruling on the motion to quash resolved all of the issues raised by the defendant against the garnishment and the order directing the garnishee to pay in was allowed to stand.

Such, therefore, was a "final decision" from which the jurisdiction of this court may be invoked by appeal as a matter of right per K.S.A. 60-2102(*a*)(4).

At the time of garnishment, K.S.A. 60-2310 provided in part:

"(*b*) Subject to the provisions of subsection (*e*) of this section, only the aggregate disposable earnings of an individual may be subjected to wage garnishment, and the maximum part of such earnings of any wage earning individual which may be subjected to wage garnishment for any workweek or multiple thereof may not exceed either (1) twenty-five percent (25%) of his or her aggregate disposable earnings for that workweek or multiple thereof, or (2) the amount by which his or her aggregate disposable earnings for that workweek or multiple thereof exceed an amount equal to thirty (30) times the federal minimum hourly wage, or equivalent multiple thereof for such longer period, whichever is less . . . .

"(*e*) The restrictions on the amount of disposable earnings subject to wage garnishment shall not apply in the following instances:

"(1) Any order of any court for the support of any person . . . ."

Defendant contends that the exception to the restriction on wage garnishment noted does not apply in this case. He argues that past due child support payments under a divorce decree are judgments and not orders; that there is a distinction between these concepts; and, had the legislature intended to include such judgments within the exception, it would have done so in clear language.

It is true that installments for the support of a child become final judgments as of the dates due and may be enforced as other judgments. *Strecker v. Wilkinson,* 220 Kan. 292, Syl. 4, 552 P.2d 979 (1976). It is also true that orders and judgments are distinct, although "final orders" which determine the rights of the parties are sometimes included within the scope of "judgment." 46 Am. Jur. 2d, *Judgments* § 3, p. 315. Under rules of statutory construction, however, past due child support payments which have become judgments must be said to come within the exception.

K.S.A. 60-2310 was patterned almost verbatim after 15 U.S.C. § 1673. The legislative history to that section stated in part:

"The restriction on garnishment provided for in the bill does not apply to any *debt due to a court order* for the support of any person (domestic relations cases) or for State or Federal taxes." 2 U.S. Cong. and Admin. News 1968, p. 1978. (Emphasis added.)

The precise issue here considered was determined adversely to defendant's position in *Pellerin v. Pellerin,* 259 Ark. 546, 534 S.W.2d 767 (1976). Besides pointing to the legislative history of 15 U.S.C. § 1673, the court in *Pellerin* noted that a construction which limited the support exception to "orders" as distinct from "judgments" would render the exception meaningless. This was because under Arkansas law garnishment was not available on a support order that had not been reduced to judgment. Similarly, K.S.A. 60-715 provides that, where garnishment proceedings affect the earnings of the defendant, they shall not be commenced before judgment on plaintiff's claim in the principal action. Thus, wage garnishment is not available to enforce an order to support which has not become a judgment. Temporary and interlocutory orders for support may be enforced only by non-wage garnishment prior to judgment. Since the restrictions and exceptions of K.S.A. 60-2310 apply only to wage garnishment, interpretation of an exception which would limit it to pre-judgment claims would be meaningless.

The fundamental rule of statutory construction, to which all others are subordinate, is that the purpose and intent of the legislature governs when that intent can be ascertained. *Easom v. Farmers Insurance Co.,* 221 Kan. 415, 560 P.2d 117 (1977). A statute is not to be given an arbitrary construction according to the strict letter, but one that will advance the sense and meaning fairly deducible from the context. *Mahone v. Mahone,* 213 Kan. 346, 517 P.2d 131 (1973).

While it may be true that recovery of past due child support will serve to reimburse those who have previously provided such support, we believe it evident that the legislative intent was that past due child support payments which have become judgments are within the exceptions to the restrictions on wage garnishment.

Defendant argues that one hundred percent garnishment makes it impossible for him to pay his current child support obligation of $15 per week. The short answer is that the garnishment as ordered is fifty percent. Finally, defendant argues that the garnishment is for the entire amount of his past due payments, whereas there is no order for the combined amounts but only for $35 per week, each of which is "an order." The answer to this argument is found in *Fangrow v. Fangrow,* 185 Kan. 227, 341 P.2d 998 (1959), where it is said:

". . . Furthermore, when payment of child support is ordered to be made in installments, a final judgment results as each installment becomes due and unpaid, or, so many of them as may be due and unpaid at any one time may be determined to be the total judgment by a simple mathematical calculation. It is unnecessary for a court to reduce due and unpaid installments to a lump-sum judgment before each of such judgments, *or a total of them,* may be enforced." (185 Kan. at 230, emphasis added.)

Judgment affirmed.