**I. M. Simon & Company, Garnishee.**

No. 40368.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 27, 1979.

Daniel T. Rabbitt, Moser, Marsalek, Carpenter, Cleary, Jaeckel, Keaney & Brown, St. Louis, for appellant.

William J. Costello, St. Louis, for respondent.

GUNN, Judge.

On November 29, 1976, a judgment was entered by the Circuit Court of the City of St. Louis which determined the defendant to be the natural father of a ten year old boy born out of wedlock. The trial court ordered the father to pay the mother of the boy the sum of $300 each month for future child support and maintenance. Recognizing that the mother had incurred substantial expenses as the sole provider for the boy prior to judgment, the court also declared that the father must reimburse her in the amount of $20,292. No appeal was taken from that judgment, which became final on December 29, 1976.

In an effort to collect the judgment for $20,292, the mother instituted garnishment proceedings against garnishee I. M. Simon & Co., a stock brokerage firm in which the father was a partner. The garnishee contended that the mother could recover no more than 25 percent of the father's weekly earnings in accordance with the restrictions on the maximum earnings subjected to garnishment in § 525.030.2, RSMo Supp.1975. She maintains that her claim was the result of an ". . . order of any court for the support of any person . . .," and that her recovery was therefore not subject to any restriction. The issue was litigated and the trial court found in favor of the garnishee. From that decision, the mother for herself and son appeals.

The mother initially maintained that 100 percent of the father's earnings were subject to garnishment. She now concedes, however, that the federal Consumer Credit

Protection Act has pre-empted the Missouri garnishment law in this area and that the federal 50 percent/65 percent formula will limit her recovery if this court finds in her favor. 15 U.S.C. § 1673(b)(2) (Supp.1978).

■ And we find that we are presented with a unique issue for review. There are no Missouri decisions which define an order for the support of any person as it pertains to either the state or corresponding federal garnishment statute. We are guided by statements of Congressional purpose which preface the Consumer Credit Protection Act. 15 U.S.C. § 1671 et seq. (1970). Clearly the intent of Congress was to grant an exemption to wage earners from burdensome garnishments, to protect wage earners from loss of employment as the result of garnishment proceedings and to prevent bankruptcies. *Gerry Elson Agency, Inc. v. Muck*, 509 S.W.2d 750 (Mo.App.1974). We know as well that the Congress has limited the state's entry into the field by establishing a maximum allowable garnishment level above which no state may legislate. 15 U.S.C. § 1673(c) (Supp.1978). As in the case of all statutes, the provision must be construed in light of the object sought to be attained and the iniquity sought to be remedied. *State ex rel. Missouri Power & Light Co. v. Riley*, 546 S.W.2d 792 (Mo.App. 1977). Any exception to the maximum garnishment restrictions must be narrowly construed.

■ The mother urges us to apply the rationale adopted in *Pellerin v. Pellerin*, 259 Ark. 546, 534 S.W.2d 767 (1976). There a divorced husband sought to quash a garnishment of his income issued to collect a judgment for child support arrearage. He argued that the strictures of 15 U.S.C. § 1673(a) should apply, as there was no order for support—only a judgment for a debt due. The Arkansas Supreme Court disagreed and concluded that a judgment based on a court order for child support arrearage is an order for the support of any person within the meaning of § 1673(b)(1), which we believe to be a correct conclusion. *See: Brown v. Brewington*, 513 S.W.2d 768 (Mo.App.1974). Unquestionably, an order

for child support does not change its essential character simply because it remains unsatisfied. However, the judgment granted to the mother here is not really analogous to back payments for child support. The pleadings request two forms of monetary recovery: (1) support and maintenance for the future care of the son; (2) reimbursement for necessities furnished by the mother in lieu of support from the child's father during the years prior to the judgment. These latter expenses, reduced to a judgment of $20,292, represent a debt owed to the mother rather than support owed to the child.

■ Missouri recognizes the common law doctrine of indemnity for recovery of monies expended for necessaries from one who owed the duty to support. *Attebery v. Attebery*, 507 S.W.2d 87 (Mo.App.1974). In the area of domestic relations, this doctrine encompasses both monies expended for support by another of a delinquent husband's wife as well as those expended for the support of a delinquent father's children. *Josey v. Forde*, 338 S.W.2d 14 (Mo.1960); *Attebery v. Attebery*, supra; *Smith v. Smith*, 300 S.W.2d 275 (Mo.App.1957). A distinction is made between the statutory remedy for future maintenance and support and the common law remedy for recovery of a specific liquidated amount already paid out. In the context of a divorce, it was stated:

> "The remedy by proceeding in the divorce case and court by motion or otherwise looks to the future support of the child, while the commonlaw independent action deals with the support already furnished and to recover for expenses already incurred. The two remedies are coterminous rather than concurrent, and the one begins where the other ends." *Smith v. Smith*, supra, l.c. 278, quoting *Kelly v. Kelly*, 329 Mo. 992, 47 S.W.2d 762, 767 (banc 1932).

We believe the same principles apply where a mother seeks future support for her illegitimate child as well as recovery for past expenditures. The latter action has nothing to do with child support; the mother

alone is entitled to reimbursement upon the basis of her quasi-contractual relationship with the child's father. *Swanson v. Swanson*, 464 S.W.2d 225 (Mo.1971). In the child support count in this case, the son is the true party in interest and is represented by his mother only because of a disability to sue by reason of minority. *Martin v. Martin*, 539 S.W.2d 756 (Mo.App.1976); *Block v. Lieberman*, 506 S.W.2d 485 (Mo.App.1974). In her action for reimbursement, the mother is the only interested plaintiff. "If [the judgment is] collected, that money goes to her, not to the child, who has already had the past support." *Mayes v. Mayes*, 342 Mo. 401, 407, 116 S.W.2d 1, 4 (1938). *Compare: Fower v. Fower Estate*, 448 S.W.2d 585, 586–87 (Mo.1970).

■ Therefore, the judgment which supports the mother's garnishment action does not fall within the parameters of "[any] order of any court for the support of any person." Consequently, the garnishment restrictions as outlined in 15 U.S.C. § 1673(a)(1) and § 525.030.2, RSMo Supp. 1975, apply.

The decision of the trial court is affirmed.

REINHARD, P. J., and CRIST, J., concur.