In re the MARRIAGE OF Jean C. McCUE, now Jean C. Wiseman, Appellee,

and

Frank H. McCue, Appellant.

No. 81CA0774.

Colorado Court of Appeals, Div. III.

Feb. 25, 1982.

Rehearing Denied March 18, 1982.

Susan M. Lach, Fort Collins, for appellee.

Frank H. McCue, pro se.

TURSI, Judge.

In an action to enforce his child support obligations pursuant to permanent orders in a dissolution of marriage proceeding, husband appeals a judgment of $925 entered against him for child support arrearages and attorney fees incurred by his former wife in the enforcement action. He also appeals the order of the trial court which directed the assignment of his wages. We affirm the judgment and remand for further proceedings.

I

Husband first contends that the trial court lacked jurisdiction to enter the judgment for arrearages and the assignment order because, at the time it did so, his appeal from the permanent orders was pending in this court. We do not agree.

A child support payment under a decree for dissolution of marriage becomes a money judgment when it matures and may be enforced as other judgments without further action by the court. *Jenner v. Jenner*, 138 Colo. 149, 330 P.2d 544 (1958); *Colorado State Bank v. Utt*, Colo.App., 622 P.2d 584 (1980).

Further, a trial court retains jurisdiction in order to enforce a judgment it has rendered where, as here, the judgment has not been stayed. *England v. Colorado Agency Co.*, 145 Colo. 310, 359 P.2d 1 (1961); *Oman v. Morris*, 28 Colo.App. 124, 471 P.2d

430 (1970). Thus, the court's exercise of jurisdiction was proper.

## II

■ Husband next contends that the order assigning $200 monthly of his net monthly wages, which wages are approximately $600, is violative of the limitation on garnishment of wages set forth in § 5–5–105(2), C.R.S.1973 (Uniform Consumer Credit Code). However, § 5–5–105(2) applies only to garnishments to enforce payment of a judgment arising from "a consumer credit sale, consumer lease, or consumer loan," and is therefore inapplicable here.

■ An order entered pursuant to § 14–10–118(1), C.R.S.1973, providing for assignment of earnings, is analogous to a garnishment and should be governed by applicable limitations on garnishment. *See Uniform Marriage and Divorce Act* § 312, 9A U.L.A. 176 (Commissioner's Note 1979).

The applicable statute is § 13–54–104, C.R.S.1973 (1981 Cum.Supp.) which sets out special provisions concerning garnishments related to "[a]ny order for the support of any person issued by a court of competent jurisdiction . . . ." Section 13–54–104(3)(a)(I), C.R.S.1973 (1981 Cum.Supp.). Those provisions, contained in § 13–54–104(3)(b), C.R.S.1973 (1981 Cum.Supp.), state:

"The maximum part of the aggregate disposable earnings of an individual for any workweek which is subject to garnishment or levy under execution or attachment to enforce any order for the support of any person shall not exceed:

(A) Where such individual is supporting his spouse or dependent child, other than a spouse or child with respect to whose support such order is used, fifty percent of such individual's disposable earnings for that week; and

(B) Where such individual is not supporting a spouse or dependent child as described in sub-subparagraph (A) of this subparagraph (I), sixty percent of such individual's disposable earnings for that week;

(II) With respect to the disposable earnings of any individual for any workweek, the fifty percent specified in sub-subparagraph (A) of subparagraph (I) of this paragraph (b) shall be deemed to be fifty-five percent and the sixty percent specified in sub-subparagraph (B) of subparagraph (I) of this paragraph (b) shall be deemed to be sixty-five percent if and to the extent that such earnings are subject to garnishment or levy under execution or attachment to enforce a support order with respect to a period which is prior to the twelve-week period which ends with the beginning of such workweek."

These provisions are essentially identical to 15 U.S.C., § 1673(b) (Supp.1977–1981)—the garnishment provisions of the federal Consumer Credit Protection Act. The legislative history of § 1673 reflects that this exception to restrictions on garnishment is applicable to "any debt due to a court order for the support of any person (domestic relations cases) . . . ." 1968 U.S.Code Cong. & Ad.News 1978. It has been held that past due child support payments fall within this exception. *Pellerin v. Pellerin*, 259 Ark. 546, 534 S.W.2d 767 (1976); *Brown v. Tubbs*, 2 Kan.App.2d 522, 582 P.2d 1165 (1978) (decided under a state statute identical to § 13–54–104.)

■ Thus, we conclude that an assignment to satisfy the judgment is proper. The assignment order here comes within the exception on restrictions set forth in § 13–54–104(3)(a)(I), C.R.S.1973 (1981 Cum. Supp.), and it does not exceed the applicable limitation of § 13–54–104(3)(b)(I)(B), C.R.S. 1973 (1981 Cum.Supp.).

■ Further, § 14–10–118 does not preclude an order to the person obligated to pay support or maintenance to direct an employer to withhold child support or maintenance payments as they become due. Such an order was upheld in *Marshall v. District Court*, 444 F.Supp. 1110 (E.D.Mich. 1978); *see also Pellerin v. Pellerin, supra; Brown v. Tubbs, supra; Liedka v. Liedka*, 101 Misc.2d 305, 423 N.Y.S.2d 788 (1979), and would be governed by § 13–54–104.

## III

 In pertinent part, the trial court ordered:

"that the Respondent's employer, JAX SURPLUS, shall pay to the Clerk ... the sum of $200.00 per month from the wages of Respondent pursuant to the Order entered in the above-captioned matter."

This order requires clarification and modification for several reasons. First, from the record before us, which does not include wife's motion for assignment of wages nor a transcript of the hearing at which the motion was considered, we are unable to discern whether the trial court intended that husband's wages be assigned to satisfy the judgment for child support arrearages or intended it as applicable to its child support order on a continuing basis.

Second, we note, that § 14–10–118 is limited to orders to pay support or maintenance. Thus, the award for attorney fees in the amount of $125 may not be included in an assignment. The method of awarding and enforcing attorney's fees is set forth in § 14–10–119, C.R.S.1973 (1981 Cum.Supp.).

Third, under § 14–10–118, the order should have directed husband to make the assignment rather than directing the employer to pay. On remand the order should be corrected.

## IV

 Alleging that he is indigent and therefore entitled to a court-appointed attorney, husband has requested that this court appoint an attorney to represent him on this and any subsequent appeals in this case. However, there is no constitutional right to appointed counsel for an indigent litigant in a civil proceeding brought by a private party involving only property interests. *Kiddie v. Kiddie*, 563 P.2d 139 (Okl. 1977); *see Sandos v. Colorado State Department of Labor & Employment*, Colo.App., 626 P.2d 715 (1980); Annot., 85 A.L.R.3d 983. We therefore deny his request. For the same reason, there was also no error in the trial court's denial of his motion for court-appointed counsel.

 Husband's challenge to the trial court's orders relative to custody and support were fully considered in *In re Marriage of McCue*, (Colo.App. Nos. 79CA1145, 80CA1102, and 81CA0272, November 12, 1981) (not selected for official publication) and decided adversely to his position. That determination is binding. In the earlier appeal we also denied husband's motion to disqualify wife's attorney on the identical grounds which he now asserts. We will not alter our prior ruling.

Wife requests, without specifying any basis therefor, that we award her costs and attorney fees for this appeal. This we decline to do. *See In re Marriage of Everhart*, Colo.App., 636 P.2d 1321 (1981).

The judgment of the trial court for child support arrearages and attorney fees is affirmed. The order for assignment of wages is affirmed in principle but the cause is remanded with directions to clarify and modify that order in conformity with the views expressed in this opinion. With respect to amounts already assigned, it is affirmed.

STERNBERG and KIRSHBAUM, JJ., concur.