Dear Mr. Toan:
You have requested an official opinion on the following questions:
 (a) Is a court-ordered mandatory wage assignment, issued by a Missouri Circuit Court pursuant to Section 452.350 RSMo Supp. 1982, a "garnishment" as that term is defined by subchapter II of the federal Consumer Credit Protection Act, 15 U.S.C. § 1671-1677?
 (b) Is an order to withhold and payover, issued by the Director of the Missouri Division of Family Services pursuant to Section 454.505, RSMo Supp. 1982, and directed to an employer doing business within the state, a "garnishment" as that term is defined by subchapter II of the federal Consumer Credit Protection Act, 15 U.S.C. § 1671-1677?
The statute which is the subject of your first question is included in the dissolution of marriage law, Sections 452.300 to452.415, RSMo Supp. 1982, which was enacted in 1973, and recently amended. The parts of this law most pertinent to your question are as follows.
Section 452.305, RSMo 1978, provides in pertinent part:
 1. The circuit court shall enter a decree of dissolution of marriage if
* * *
 (3) To the extent it has jurisdiction to do so, the court has considered, approved, or made provision for . . . , the support of any child of the marriage who is entitled to support, . . .
Section 452.340, RSMo 1978, provides in pertinent part:
 In a proceeding for nonretroactive invalidity, dissolution of marriage, legal separation, maintenance, or child support, the court may order either or both parents . . . to pay an amount reasonable or necessary for his support, . . .
Section 452.350, RSMo Supp. 1982, provides in pertinent part:
 1. Each order for child support . . . entered by the court . . . , shall include an order directing the person obligated to pay such support . . . to assign a part of his periodic earnings or other income to the person entitled to receive the payments . . . . The assignment shall be in an amount which is sufficient to meet the periodic child support . . . payments, . . . imposed by the court and may include an additional incremental amount sufficient to defray arrearages due at the time the assignment takes effect. If the obligor fails to execute the assignment of income within ten days of being ordered to do so, the court shall enter the assignment of income on behalf of the obligor. . . .
* * *
 4. An assignment . . . shall be binding on the employer or other payor, and successor employers and payors, two weeks after service upon him of notice that it has been made, . . . until further order of the court. . . . Section 432.030, RSMo, shall not apply to assignments made under this section.
 5. An employer or other payor who, without good cause, fails to honor an assignment under this section may be held liable for the amount assigned. Compliance by an employer or other payor with the assignment operates as a discharge of liability to the obligor as to that portion of his periodic earnings or other income so affected.
 6. As used in this section, the term "employer" includes the state and its political subdivisions. . . .
 7. An employer shall not discharge or otherwise discipline an employee as a result of an income assignment authorized by this section.
The federal law to which your question is directed, the Consumer Credit Protection Act (hereinafter CCPA), Sections 1671-1677, 15 U.S.C. contains these essential provisions:
Section 1673(b), 15 U.S.C. provides in pertinent part:
 (2) The maximum part of the aggregate disposal earnings of an individual for any work-week which is subject to garnishment to enforce any order for the support of any person shall not exceed —
 (A) where such individual is supporting his spouse or dependent child (other than a spouse or child with respect to whose support such order is used), 50 per centum of such individual's disposable earnings for that week; and
 (B) where such individual is not supporting such a spouse or dependent child described in clause (A), 60 per centum of such individual's disposable earnings for that week;
* * *
 (c) No court of the United States or any State, and no State (or officer or agency thereof), may make, execute, or enforce any order or process in violation of such section.
Section 1672, 15 U.S.C. provides in pertinent part:
For purposes of . . . [15 U.S.C. §67; 1671-1677]:
* * *
 (c) The term "garnishment" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.
It is our opinion that a wage assignment either ordered by a court as a part of a child support order, or actually entered by the court pursuant to Section 452.350, RSMo Supp. 1982, qualifies as a garnishment under Section 1672(c), 15 U.S.C.
In Marshall v. District Court, 444 F. Supp. 1110 (E.D. Mich. 1978), the court considered whether a wage assignment made under threat of a court order qualified as a garnishment under the CCPA:
 Any order which orders or coerces a principal defendant to consent to withholding by a garnishee-defendant or prospective garnishee-defendant, or to allegedly consent voluntarily to such withholding, is for the purposes of the Act the same as an order which itself directly requires withholding." Id. at 1116.
Similarly, in In Re Marriage of Jean C. McCue, 645 P.2d 854
(Colo.App. 1982), a Colorado court decided with respect to a court-ordered assignment of wages pursuant to a divorce statute that such an order "is analogous to a garnishment and should be governed by applicable limitations on garnishment." Id. at 856. Cf. Westernv. Hodgson, 494 F.2d 379 (4th Cir. 1974), where the court decided that a privately negotiated wage assignment did not constitute a garnishment within the meaning of the CCPA.
We are convinced that a circuit court-ordered assignment of wages authorized and required by Section 452.345 issued in conjunction with child support orders of the court possesses the necessary character of a "garnishment" in the sense of Sections 1671-1677, 15 U.S.C. and, is, therefore, subject to the limitations in the federal law as to the maximum percent of wages or earnings of the obligor which can be so assigned.
The statute to which your second question refers was included in a 1982 enactment dealing with the enforcement of payment of child support, Sections 208.048, 454.400 and 454.520, RSMo Supp. 1982. The parts of this enactment which we consider most germane to your second question are as follows:
Section 208.040, RSMo Supp. 1982, provides in pertinent part:
 1. Aid to families with dependent children shall be granted on behalf of a dependent child or children . . . .
* * *
 2. The division of family services shall require as additional conditions of eligibility for benefits that each applicant for or recipient of aid:
* * *
 (2) Shall assign to the division of family services in behalf of the state any rights to support from any other person such applicant may have in his own behalf or in behalf of any other family member for whom the applicant is applying for or receiving aid, and which have accrued at the time such assignment is executed; . . .
Section 454.415, RSMo Supp. 1982, provides in pertinent part:
 When a court has ordered support payments to a person who has made an assignment of support rights to the division on behalf of the state, . . . the court shall order all support payments to be made to the clerk of the court as trustee for the division . . . .
Section 454.470, RSMo Supp. 1982, provides in pertinent part:
 1. At any time after the division is assigned support rights or a public assistance payment is made, the director may, if there is no court order, issue a notice and finding of financial responsibility. Such notice shall be served on the absent parent. . . . The notice shall state:
* * *
 (8) That as soon as the order is entered, [by the Director of the Division of Family Services] the property of the parent will be subject to collection actions, including . . . wage withholding, garnishment, liens, and executions thereon;
Section 454.490, RSMo Supp. 1982, provides in pertinent part:
 A true copy of any order entered by the director . . . , may be filed in the office of the circuit court clerk in the county in which either the parent or the dependent child resides. Upon filing, the clerk shall enter the order in the judgment docket. Upon docketing, the order shall have all the force, effect, and attributes of a docketed order or decree of the circuit court, including, . . . , lien effect and enforceability by supplementary proceedings, contempt of court, execution, and garnishment.
Section 454.505, RSMo Supp. 1982, provides in pertinent part:
 1. [I]f an order has been entered by the director . . . , and an arrearage exists on the payments required, the director may, . . . issue an order directing any employer or other payor of the parent to withhold any [sic] pay over to the division . . . , money due or to become due the obligated parent in an amount not to exceed federal wage garnishment limitations,
until all arrearages under such administrative order are paid in full. Thereafter, the amount ordered to be paid shall be withheld from amounts due . . . the parent at each pay period.
* * *
 5. An order . . . shall be a continuing order and shall . . . be binding upon any employer or other payor upon whom it is directed until a further order of the director. . . . [Emphasis added.]
We are satisfied that an order issued by the Director of the Division of Family Services to an employer or other payor of a person who has been determined delinquent in child support payments is a "legal or equitable procedure" of the sort that Congress had in mind when enacting the monetary limits on garnishments in the CCPA. While we are unable to find any cases dealing particularly with the acts' application to state administrative orders to withhold and pay over wages, such orders clearly fall within the expansive definition of "garnishment" contained in Section 1672(c), 15 U.S.C.: "a legal . . . procedure through which the earnings of any individual are required to be withheld for the payment [of] a debt." It is also significant, in terms of this question, that in 1977 Congress amended Section 1673(c) to prohibit the making, execution or enforcement of orders or processes, in violation of Section 1673, by states, state officers and state agencies," whereas previously it applied only to state and federal courts. Finally, it is patent that the Missouri legislature intended the federal limitations on the withholding of wages to apply. See Section 454.505, RSMo Supp. 1982.
CONCLUSION
It is the opinion of this office that both the court-ordered mandatory wage assignment pursuant to Section 452.350, RSMo Supp. 1982, and the order to withhold and pay over issued by the Director of the Missouri Division of Family Services, pursuant to Section454.505, RSMo Supp. 1982, are "garnishments" within the meaning of the Consumer Credit Protection Act.
The foregoing opinion, which I hereby approve, was prepared by my assistants, Louren R. Wood and Anne Shapleigh.
Very truly yours,
 JOHN ASHCROFT Attorney General