No. 48,003

SHIRLEY E. STRECKER (Formerly SHIRLEY WILKINSON), *Appellant,* v. WILLIAM L. WILKINSON, *Appellee.*

(552 P. 2d 979)

Opinion filed July 23, 1976.

*J. Eugene Balloun,* of Payne & Jones, Chartered, of Olathe, argued the cause and *Ronald L. Bodinson,* of the same firm, was with him on the brief for appellant.

*James W. Dahl,* of Kansas City, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

FATZER, C. J.: This controversy is the aftermath of a divorce action. The appeal is from the order of the district court denying a contempt citation for the alleged failure to pay child support.

Mrs. Strecker, the appellant and the former Shirley Wilkinson, was granted a divorce from the appellee, William L. Wilkinson, on January 9, 1960. She was awarded the care, custody and control of Christina Marie Wilkinson, the minor child of the parties, subject to reasonable visitation rights granted the appellee. The decree provided the appellee was to pay the sum of $25 per week for the

support of his child. Subsequently the parties filed several contempt proceedings against each other. The appellant claimed child support payments were not forthcoming, while the appellee asserted he had been denied his visitation rights under the decree. In an effort to resolve the protracted conflict, the court asserted its continuing jurisdiction and modified the divorce decree on March 28, 1962. The court entered an order which reduced the amount of child support payments to $10 per week and terminated appellee's visitation rights.

On May 31, 1967, the appellee filed a motion for restoration of his visitation rights and on July 5, 1967, the court entered an order reinstating appellee's right to visit his child. The court found the appellant had been notified of appellee's motion, but she did not appear personally or by counsel to contest the proposed visitation rights. The order noted that the court retained jurisdiction to extinguish the appellee's obligation to provide child support under the decree if the appellant failed to abide by the terms of the visitation order.

Later, and on July 19, 1967, the appellee filed a second motion pertaining to his visitation rights. The appellee requested specific times for visitation with his child. The motion certified that appellant's attorney had been notified of the motion. The court granted the appellee's motion on August 18, 1967. Appellant again entered no appearance. Subsequently appellee traveled to Texas, where appellant and her child were then residing, and sought to assert his visitation rights. To this end the appellee obtained an order dated June 5, 1968, from the Harris County, Texas Domestic Relations Court which restated the visitation rights ordered by the Kansas district court. The appellee's attempt to visit his child was apparently thwarted by appellant. On June 6, 1968, the appellee wrote the Kansas district court asserting his former wife had denied his visitation rights and had fled to Lomita, California, to prevent him from contacting his daughter. Appellee requested the court to terminate his child support obligation.

The district court in a letter dater June 19, 1968, advised appellee that an order terminating child support had been entered effective as of that date. No notice of the order was provided the appellant at any time before or after its entry.

Some seven years later, on February 28, 1975, the appellant filed a motion in the district court for citation in contempt against ap-

pellee for his failure to pay child support pursuant to the order of March 28, 1961. On March 7, 1975, a hearing was held on appellant's motion and the court entered an order which read, in pertinent part, as follows:

"Thereupon, the Motion for Citation is presented to the Court. Based upon the files and records in this case, the Court finds that on March 28, 1962, the order of support theretofore entered was reduced from Twenty-five Dollars ($25.00) per week to Ten Dollars ($10.00) per week. The Court further finds that on June 10, 1968, the Court wrote the Defendant, W. L. Wilkinson, notifying him that an order was being entered that he was not required to pay further support until further order of the Court.

"Thereupon, it is shown by the Plaintiff that she did not receive notice, either before or after the letter of June 10, 1968, directed to the Defendant, concerning the termination of support.

"Thereupon, the Court finds and orders that in view of the foregoing, the claim for the enforcement of past-due support should not be granted, but that the Plaintiff may file a motion requesting that the order for child support be reinstated in a reasonable amount, to be determined by the Court after hearing evidence pertaining to current need for child support and current ability of the Defendant to provide support.

"BY THE COURT IT IS SO ORDERED."

It is from this order that the appeal was taken.

Before reaching the merits of the issues on appeal, we should first consider the appellee's contention that an order refusing to issue a citation for contempt is not an appealable order. On this point the appellee's brief states:

"This appeal is from an order refusing to issue a Citation for Contempt. The only issue before the Court involves a reasonableness of that refusal. In *Koons v. Koons*, 372 P. 2d 62, 190 Kan. 65, at page 67, the Court held:

" 'An order overruling or sustaining a motion for citation in contempt to enforce payment of child support ordered to be paid in a divorce decree is not, standing alone, a final order as defined by G. S. 1949, 60-3303, and therefore not appealable . . .'

"The provisions of G. S. 1949, 60-3303, were carried over in K. S. A. 60-2102."

The balance of the paragraph in *Koons* from which the above excerpt was taken reads as follows:

"However, the order sustaining the defendant's motion to be allowed credit for overpayment of support money was a final order and appealable. That being the case, and the appeal being timely perfected from that order, the propriety of the district court's order overruling the plaintiff's motion for citation in contempt is reviewable under G. S. 1961 Supp., 60-3314a."

We do not agree with the appellee's assertion that the only issue before this court involves the reasonableness of the refusal to issue

a citation for contempt. The court not only denied the citation, but it made final its decision in its June 10, 1968, letter with respect to termination of the child's support. This matter will be more fully presented as we consider the merits.

We have no difficulty in determining the district court did not err in refusing to grant a contempt citation. We held in *Haynes v. Haynes*, 168 Kan. 219, Syl. Para. 2, 212 P. 2d 312:

"Judgments in contempt proceedings rest within the sound discretion of the trier of the facts and will not be disturbed on appellate review unless abuse of discretion clearly appears from the record."

Having informed the appellee by letter that, rightly or wrongly, he no longer need pay child support, the district court was hardly in a position to cite him for contempt for not paying.

The cancellation of child support without notice and opportunity to be heard presents a more serious problem. The appellee wrote a letter to the district court stating his former wife had denied his visitation rights and fled to Lomita, California, to prevent him from contacting his daughter. He requested the court to terminate his child support obligations. The court, without notice to the appellant and without an opportunity for her to be heard, advised the appellee by letter that an order terminating child support had been entered as of that day.

As indicated, some seven years later, the appellant filed her motion for citation in contempt. The district court found that the claim for enforcement of past-due support should not be granted, but that a motion for reinstatement of child support would be reconsidered.

This court first directs attention to the attempt to cancel child support based on correspondence between the judge and the appellee.

The pertinent part of the statute (K. S. A. 1975 Supp. 60-1610 [a] providing for child support reads:

"The court shall make provisions for the custody, support and education of the minor children, and may modify or change any order in connection therewith at any time, and shall always have jurisdiction to make any such order to advance the welfare of a minor child if (i) the child is physically present in the county, or (ii) domicile of the child is in the state, or (iii) the court has previously exercised jurisdiction to determine the custody or care of a child who was at such time domiciled in the state. . . ."

It will be noted that the foregoing statute imposes no requirement of notice and opportunity for a hearing as a prerequisite to

modification of orders for support, custody or education of children in divorce cases. However, it appears to be a very general rule that a proper motion must be filed, notice to the adverse party given and the adverse party afforded an opportunity to be heard. Due process requires reasonable notice even in the absence of an express statutory provision requiring such notice.

The general rule is stated in 27B C.J.S. *Divorce* § 322 (3) b (1959) as follows:

"In most jurisdictions service of process is not required to authorize the court to act in a proceeding to modify child support provisions of a divorce decree, but notice of the motion or application or of the time for hearing is usually required.

". . . If a decree modifying a child support provision is entered without any notice whatsoever to the adverse party, the court has acted without jurisdiction, and the decree of modification may be void. . . ."

Further guidance is found in 27B C.J.S., *Divorce* § 322 (3) f (1959):

"Parties to a divorce decree must be afforded an opportunity to be heard in a proceeding to modify a provision as to child support, and such a proceeding is governed by local practice, and may be triable by rules of equity practice."

Decisions of this jurisdiction are in accord with these rules. In *Ramey v. Ramey,* 170 Kan. 1, 3, 223 P. 2d 695, 697, we stated:

"At the outset it should be stated the appealing parties recognize the established rule (See *Phillips v. Phillips,* 163 Kan. 710, 712, 186 P. 2d 102, and cases there cited) that ordinarily the jurisdiction of district courts over the custody and support of minor children in a divorce action is a continuing jurisdiction and that the court may *on proper motion and notice* modify or change any order previously made providing for such custody and support whenever circumstances are shown which make such modification proper." (Emphasis added.)

In *Smith v. Smith,* 171 Kan. 619, 625, 237 P. 2d 213, 217, this court considered the necessity for notice on change of child custody covered by the same statutory language we are now considering and said:

"On the question of requirement of notice in change of custody proceedings we are unable to state the general rule with more clarity than was done in the recent case of *Bailey v. Bailey,* 164 Kan. 653, 192 P. 2d 190, where it was said:

" 'Where in an action for divorce and custody of a minor child the trial court made its order fixing such custody, and at a later date a proceeding is instituted to change such custory, the court may make such an order only where the person having custody or right to custody of the child under the

original order has had notice of the proceeding to change custody and an opportunity to defend.' (Syl. 1.)"

In view of the foregoing, we conclude the district court's letter and order terminating payment of child support were void and of no effect and formed no basis for the court's order of March 7, 1975, from which the appeal was taken. The district court was without authority to make a change in the order for child support without notice and a hearing on the matter.

The appellee has raised the defense of laches in his argument claiming that the appellant's acquiescence for over six years in his failure to make child support payments bars her from seeking enforcement of the order for past-due installments.

Here, we are dealing with enforcement of support obligations, if any, not barred by the statute of limitations. Installments for support of a minor child become final judgments as of the dates due. They may be enforced as other judgments and are barred by the statute of limitations as other judgments. (*Riney v. Riney,* 205 Kan. 671, 473 P. 2d 77; *Sharp v. Sharp,* 154 Kan. 175, 117 P. 2d 561.) In *Fangrow v. Fangrow,* 185 Kan. 227, 341 P. 2d 998, we said:

". . . Furthermore, when payment of child support is ordered to be made in installments, a final judgment results as each installment becomes due and unpaid, or, so many of them as may be due and unpaid at any one time may be determined to be the total judgment by a simple mathematical calculation. It is unnecessary for a court to reduce due and unpaid installments to a lump-sum judgment before each of such judgments, or a total of them, may be enforced." (1. c. 230.)

The appellee relies on *McKee v. McKee,* 154 Kan. 340, 118 P. 2d 544, 137 A. L. R. 880, and *Clark v. Chipman,* 212 Kan. 259, 510 P. 2d 1257, to support his argument that laches should bar the appellant's recovery of past-due child support payments. Both cases are distinguishable from the instant case. In *McKee* recovery of past-due support payments was barred by laches; however, the action was brought after the child had reached majority and no longer required or asked support from either parent. In *Clark* we approved the application of laches in an action for child support. There, however, a marriage settlement agreement fixing the terms of child support, which continued into the children's majority, was incorporated in the divorce decree. The decision dealt with enforcement of the terms of a contract, and not with the husband's statutory and common-law obligation to provide support for his *minor* children.

*McKee* and *Clark* indicate that when an action is brought for past-due child support payments after the child has reached majority, the question of laches may well be considered. While the record in the instant action does not reveal the child's age at the time the appellant filed the contempt proceedings, we assume the child was still a minor in view of language in the district court's journal entry denying enforcement of past-due support stating the court would entertain a motion requesting reinstatement of child support.

*Peters v. Weber,* 175 Kan. 838, 267 P. 2d 481, is more on point with the instant action. In *Peters* the divorce decree ordered the husband to pay $20 per month for the child's support during its minority. After twelve years of nonpayment, the wife brought an action in the form of a contempt proceeding to enforce the husband's support obligation. Noting that the child was still a minor and enforcement of the past-due payments would accrue directly to his benefit, we held the husband's obligation was not barred by laches.

Support of children, like their custody, is a matter of social concern. It is an obligation the father owes the state as well as his children. (*Grimes v. Grimes,* 179 Kan. 340, 295 P. 2d 646.) The parental duty to provide for the support and maintenance of a child continues through the child's minority, and the obligation to support may be enforced by an action at any time during the child's minority. (*Effland v. Effland,* 171 Kan. 657, 237 P. 2d 380.) We note in passing that statutes of limitation are considered "remedial" rather than "substantive" in that they bar only the remedy and not the right. (See, *e. g., In re Estate of Wood,* 198 Kan. 313, 424 P. 2d 528.)

The doctrine of laches is an equitable device designed to bar stale claims (*Clark v. Chipman,* supra), and its application depends on the special circumstances of each case. In *Peters v. Weber,* supra, we said:

"Under all of the circumstances of the case we are unwilling to hold that defendant is entitled to invoke the defense of laches as a bar to the enforcement of his moral and legal obligation to his minor child. The rights of the latter are not to be waived by the inaction and passive acquiescence on the part of the mother. We are of the opinion the court erred in ruling that defendant was not liable for the payments which became due within five years prior to the commencement of this proceeding." (1. c. 844.)

Under the facts and circumstances of the instant case, we are likewise unwilling to hold that the defendant may invoke the defense of laches as a bar to enforcement of his moral and legal

obligation to his minor child. However, the record is silent as to the number, if any, of past-due child support payments which are or may be enforceable by appropriate remedy. In this respect, the district court should afford the appellant the opportunity to show the age of the child and what past-due child support payments are valid enforceable judgments.

The judgment is affirmed insofar as it denied the motion for a contempt citation, but is remanded to the district court for further consideration with respect to child support in accordance with the views expressed in this opinion.

IT IS SO ORDERED.