No. 49,541

LEONARD E. JOHN and NANCY JOHN, *Plaintiffs-Appellees,* v. E. E. ABBEY, a/k/a EARL ABBEY, individually, as president of, and doing business as A & A INDUSTRIAL EQUIPMENT CO. SALES, INC., a Kansas corporation; LEO JACK DAVIS, individually, as president of, and doing business as DAVIS TRUCK & EQUIPMENT COMPANY; and DAVIS TRUCK & EQUIPMENT COMPANY, an Oklahoma corporation, *Defendants-Appellants.*

(590 P.2d 1060)

Opinion filed February 24, 1979.

*Edward D. Embers,* of Weelborg, Embers & Ferguson, of McPherson, argued the cause and was on the brief for appellants.

*Charles I. Prather,* of Mills & Mills, of McPherson, argued the cause and was on the brief for appellees.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal from an order of the district court finding the defendant Leo Jack Davis in contempt of court. Two cases are involved. The disputes grew out of a transaction wherein Leonard E. John, a Kansas resident, entered into an agreement to purchase farm machinery from Leo Jack Davis, a resident of Oklahoma. It appears that John, as partial payment, traded certain machinery having a value of $4,000.00 to Davis for machinery alleged to have a value of $14,500.00. Differences arose. On August 27, 1976, John filed suit against Davis in McPherson County alleging conversion of John's machinery and misrepresentation of the Davis machinery. On September 22, 1976, Davis sued John in Garfield County, Oklahoma, for rental, repairs and freight charges arising out of the same transaction. Service of process was apparently obtained in both cases. Davis filed pleadings in the Kansas case but John took no action in the Oklahoma case. Numerous delays occurred in the Kansas proceedings which, according to the trial court, were occasioned by Davis "dragging his feet." On June 2, 1977, John became fearful

that Davis might take action in the Oklahoma proceeding and filed a motion in the Kansas court for an order to restrain Davis from proceeding in Oklahoma. On June 15, 1977, Davis filed a motion in the Oklahoma proceeding for a default judgment. June 17, 1977, the Kansas court issued a restraining order against Davis which provided in part:

"[T]he Defendant, Leo Jack Davis . . . should be and hereby is restrained from proceeding further in any manner in the case of Leo J. Davis v. Leonard E. John, Case No. C-76-427, in the District Court in and for Garfield County, Oklahoma, until further order by this Court."

The order was approved by Kansas counsel for Davis and a copy of the order was mailed to Davis' Oklahoma counsel and to the Clerk of the Garfield County, Oklahoma court.

On July 20, 1977, John having been in default for ten months, the District Court in Garfield County, Oklahoma, entered a default judgment in favor of Davis as follows:

"JOURNAL ENTRY OF JUDGMENT

"NOW ON THIS 20th day of July, 1977, this cause comes on for hearing upon the Court's motion and disposition docket, and the Court being fully advised in the premises finds that the above entitled action was filed herein on the 22nd day of September, 1976, and that service was duly obtained upon the defendant as provided by law; that the defendant, Leonard E. John, is in default and that said cause has been on the Court's docket for ten (10) months and should be disposed of.

"The Court further finds that the plaintiff through his attorney has been given notice of this motion and disposition docket and is represented by his said attorney, Douglas McKeever.

"The Court further finds that on the 15th day of June, 1977, the plaintiff filed a Motion for Default Judgment, and the Court further finds that on the 17th day of June, 1977, in the District Court of McPherson County Kansas, in Case No. 15921 a Restraining Order was issued against the plaintiff which said Order sought to restrain him from proceeding further in the above entitled cause and that the Court Clerk of this Court was so notified by letter dated June 21, 1976, from the defendant's counsel, Charles I. Prather. That no pleadings have been filed herein or any further action taken by the plaintiff, Leo J. Davis, since said Restraining Order was issued.

"The Court further finds that said Restraining Order was void and of no effect insofar as it pertains to the orders and judgments of this Court rendered in this cause and this Court is entitled to proceed herein and make such orders and judgments as the Court deems just and proper in the premises.

"The Court further finds that the plaintiff, Leo J. Davis, is entitled to default judgment herein and that said judgment should be entered as prayed for in plaintiff's petition.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the plaintiff, Leo J. Davis, be and is hereby awarded judgment against the defendant,

Leonard E. John, for the sum of Four Thousand, One Hundred Thirty Dollars ($4,130.00) plus an attorney fee of Seven Hundred Fifty Dollars ($750.00) for plaintiff's attorney, and the costs of this action, for all of which let execution issue."

Following the entry of judgment, Oklahoma counsel for John entered an appearance and moved to have the judgment set aside. That motion was denied. At the same time, Kansas counsel for John filed an accusation in contempt and an order was issued for Davis to show cause why he should not be held in contempt for violation of the Kansas restraining order. At the hearing on the contempt citation no evidence was introduced in support of the contempt accusation and the only evidence introduced by Davis was a copy of the Journal Entry of Judgment from the Oklahoma court. After lengthy arguments by counsel, Davis was found to be in contempt of court and sanctions were imposed. This appeal followed.

The record reflects no evidence whatsoever that Davis took any affirmative action in the Oklahoma proceedings after the Kansas restraining order was entered. The Kansas order required that Davis refrain from "proceeding further in any manner" in Oklahoma.

The trial court in its decision indicated that Davis should have taken action to prevent the Oklahoma court from entering a judgment even though the court was proceeding on its own initiative and not through any action precipitated by Davis. The court stated:

"I feel that the Defendant, Davis, maybe by omission has let something happen in the Oklahoma court that should not have happened."

The court went on to state that Davis, by not objecting to the entry of judgment and thereafter in not seeking to have it set aside, did not respect the spirit and purpose of the restraining order.

Appellant raises two points on appeal, including the sufficiency of the evidence to support the finding of contempt.

"Judgments in contempt proceedings rest within the sound discretion of the trier of the facts and will not be disturbed on appellate review unless abuse of discretion clearly appears from the record." *Haynes v. Haynes,* 168 Kan. 219, Syl. ¶ 2, 212 P.2d 312 (1949). See also *Strecker v. Wilkinson,* 220 Kan. 292, 552 P.2d 979 (1976).

In *Haynes,* the court stated:

"Under the circumstances and conditions heretofore related, conceding as we

must *that the record discloses some testimony to sustain the trial court's factual conclusions and its ultimate decision,* we cannot say its action in finding the appellee should be discharged and in holding him not guilty of contempt warrants a reversal of the judgment." (Emphasis added.) p. 226.

In the present case arguments were made by counsel that Davis procured the entry of judgment in Oklahoma and then continued "to oppose any efforts to set aside that default judgment." However, no evidence or testimony whatsoever was presented to support the arguments of counsel. The sole evidence before the court was the copy of the Oklahoma judgment in which that court specifically stated that it was proceeding on its own motion and found that Davis had taken no "further action . . . since said Restraining Order was issued."

The Kansas trial court's speculation and surmise as to what Davis could or should have done in the Oklahoma court to prevent the entry of judgment does not constitute evidence sufficient to sustain a finding of contempt. Davis was restrained from taking any action in the Oklahoma proceeding. There is no evidence that he thereafter took any action in Oklahoma which could be considered a violation of the order of the Kansas court. Under such circumstances the trial court abused its discretion in holding Davis in contempt.

In view of the foregoing, it is not necessary that we consider defendant's allegations of procedural errors in the trial court.

The judgment is reversed.