NOT DESIGNATED FOR PUBLICATION

No. 127,847

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Parentage of M.R.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; KATHLEEN M. LYNCH, judge. Submitted without oral argument. Opinion filed July 25, 2025. Affirmed.

*Aldo P. Caller*, of Overland Park, for appellant J.R.

No appearance by appellees.

Before SCHROEDER, P.J., HILL and GARDNER, JJ.

PER CURIAM: In a lawsuit that began as a paternity action, the court ordered Father to pay Mother over $82,000 for retroactive child support. Father appeals the award and Mother has not filed a brief. We must decide whether the district court correctly applied the Kansas Parentage Act when it ordered Father to pay. This is a matter of discretion, and our review of the record discloses no abuse of discretion by the court. Thus, we affirm.

*The Kansas Parentage Act controls this case.*

Under the Act, if a court finds a party is a parent of the minor child, "the court shall make provision for support and education of the child under article 30 of chapter 23 of the Kansas Statutes Annotated, and amendments thereto." K.S.A. 23-2215(c). Child support orders for current and future support can thus be created by following the Kansas

1

Child Support Guidelines (2025 Kan. S. Ct. R. at 103). The Act provides for more than current or future child support.

The Act also permits retroactive awards of child support. K.S.A. 23-2215(f)(1). A district court may award a judgment to reimburse a parent for expenses for support of a child from the date of the child's birth or from the date any presumption of paternity first arose. A district court may consider any affirmative defenses pled and proved in making an award of retroactive child support. *Carman v. Harris*, 313 Kan. 315, 319, 485 P.3d 644 (2021); *In re Paternity of Janzen*, 43 Kan. App. 2d 613, 618, 228 P.3d 425 (2010).

The amount of an award of retroactive child support is also determined by application of the Child Support Guidelines. But for any period more than five years before commencement of the paternity action, the movant has the burden to show the amount requested does not exceed actual expenses made on behalf of the child. K.S.A. 23-2215(f)(3).

*This case deals with the youngest child of Mother and Father.*

Sometime around December 2005, Mother and Father conceived M.R. They never married and separated sometime in 2009. M.R. resided with Mother for most of his life. Mother and Father have two older children together, who have now reached the age of majority but were minors when Mother and Father separated. Father never paid monthly child support for any of the children.

The State started this case in 2020 when the Secretary of the Kansas Department for Children and Families sought a court determination of paternity and the award of child support for M.R. In response, Father did not deny paternity of M.R. but did dispute the amount of child support. He alleged that he and Mother had an agreement for a monthly support amount. Then, in 2023, Mother moved for a court order to establish

2

paternity, custody, and support. She also asked for retroactive child support from M.R.'s birth to present under K.S.A. 23-2215(f).

*Mother asked the court to look at three historical periods when it determined the question of retroactive child support.*

The parties agreed to have this case decided on proffered evidence and arguments because they agreed on the basic facts. Only the arguments related to retroactive child support are relevant to this appeal.

In seeking retroactive child support, Mother focused on several lookback periods. The first was from January 2022 to February 2024—the date of the hearing. The parties agreed during that timeframe Mother made approximately $23,400 per year and Father made approximately $72,000 per year. M.R. lived with Father for 11 to 13 months of that period.

Mother's second lookback period was from 2015 (five years before DCF filed its petition) to 2022. She used Father's tax returns from 2016 to 2020 and Mother's tax returns from 2017 to 2021 as evidence of their incomes. She did not have her tax returns for 2015 and 2016. As permitted by the Guidelines, she imputed to herself a graduated income of $35,000 a year for 2015 and $40,000 a year for 2016. During those two years, Mother worked full-time at Taco Bell, working her way up to becoming a store manager. In 2017, she was managing Taco Bell and earning $42,000 a year. In 2018, she stopped working at Taco Bell and she became self-employed. In 2019, 2020, and 2021, Mother made less than minimum wage, but—following the Guidelines—she imputed minimum wage as her income for those years. Then, Mother averaged the incomes, arriving at $54,946 for Father and $26,005 for Mother.

Mother's final lookback period was from 2009 to 2015. During this timeframe, Mother lived with M.R. and the parties' two daughters. Mother took her average household expenses of $1,950 a month—for utilities, a car loan, gas, insurance, food, clothing, and personal hygiene—and divided them by four.

Father did not dispute Mother's income figures. The parties also agreed that Father was paying $100 a month for car insurance for M.R. and had given the family two or three $300 money orders in 2021. Father argued that he had paid the family additional cash on the side.

The parties agreed that in its child support calculation, the district court should consider the fact that Father had deeded a house to Mother, but they disagreed on how it should be considered. Father had bought a house for $25,000 before M.R. was born. He remodeled and repaired the house. The parties lived there for the first three years of M.R.'s life. When the parties separated in 2009, Mother continued to live there with the children. Mother paid the taxes and insurance on the home. The 2009 county appraisal for the property was $34,500. In 2014, Father deeded the house to Mother and their eldest child. The parties disagreed on how this act of deeding the house was to be treated.

Mother argued that the calculation should be based on the 2009 value of the home because Father had nothing to do with the house after that and Mother had made significant improvements to the home.

Father maintains that the child support amount should turn on equitable considerations. He thinks the court should consider the economic benefit Mother and the children enjoyed by living in a paid-off home for several years rent-free. He pointed to what happened after signing the deed. In 2020, Mother purchased a $200,000 home with her husband and paid $50,000 cash down and had already paid off that home. Father was paying a mortgage for his current home. Father argued that the award of child support

4

should be only prospective because of his goodwill and an alleged agreement between the parties. He suggests that retroactive child support would be a windfall to Mother and unfair and an economic hardship to Father.

The district court ordered Father to pay current child support and also ordered Father to pay $82,227 for retroactive child support, as requested by Mother. Father appeals the retroactive award.

We review three aspects of this district court judgment for an abuse of discretion. First, did the court improperly deduct from the retroactive judgment one-half of the value of the house Father deeded to Mother? Next, did the court improperly rule that the doctrine of laches did not apply? Finally, does substantial competent evidence support the court's award of retroactive child support?

*Did the court correctly value the house in making the award?*

Father contends that the district court abused its discretion by deducting half of the 2009 value of the home rather than deduct the rental value of the home from Father's retroactive child support obligation.

Father argues that the district court erred in awarding only half the value of the house as a credit toward his child support obligation and using the 2009 value of the home rather than the rental value of the home as was intended by the parties. He states that the parties had an agreement that the home was given to the family in lieu of child support. Thus, he thinks the district court erred by considering the home a gift.

Father argued the district court should consider the economic benefit Mother and the children enjoyed by living in a paid-off home. Father touted his goodwill and an alleged agreement between the parties that the home was given in lieu of child support.

5

*A brief review of the law is helpful.*

The Child Support Guidelines do not limit the district court's authority to calculate child support when the facts of a case fall outside the Guidelines, so appellate courts review such calculations strictly for an abuse of discretion. The party asserting that the trial court abused its discretion bears the burden of showing any abuse of discretion. *In re Marriage of Thomas*, 49 Kan. App. 2d 952, 955, 318 P.3d 672 (2014). This can occur in cases where the parties' wealth exceeds the parameters of the incomes and expenses used in creating our guidelines.

The amount of an award of retroactive child support is determined by an application of our Guidelines. But for any period more than five years before commencement of the paternity action, the party seeking the award has the burden to show the amount requested does not exceed actual expenses made on behalf of the child. K.S.A. 23-2215(f)(3). In other words, a parent cannot profit from a retroactive child support award—it is intended as a reimbursement for expenditures.

The Guidelines do permit an adjustment to the net child support obligation based on the overall financial condition of the parties if in the best interest of the child. Kansas Child Support Guidelines § V.F. (2025 Kan. S. Ct. R. at 122). A parent cannot contract away the duty to support his or her minor child. *State ex rel. SRS v. Bohrer*, 286 Kan. 898, 906, 189 P.3d 1157 (2008).

The burden is on the party making a claim to designate a record sufficient to present its points to the appellate court and to establish its claims. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013); see also Supreme Court Rule 6.02(a)(4) (2025 Kan. S. Ct. R. at 36). Here, Father has the burden.

*The court treated the transfer of this house as a gift.*

Father purchased a house for $25,000 before M.R. was born. He remodeled and repaired the house. The parties lived there for the first three years of M.R.'s life. When the parties separated in 2009, Mother continued to live there with the children. In turn, Mother made significant improvements to the house. Mother paid the taxes and insurance on the home. The 2009 county appraisal for the property was $34,500. In 2014, Father deeded the house to Mother and their eldest child.

The district court credited $17,250—half of the 2009 value of the home—to Father for gifting the home to Mother. The court deducted that amount from Father's retroactive child support obligation. In setting the value, the district court considered that Father deeded the home to both Mother and the parties' eldest child and that Mother had done a great deal of remodeling to the home after the parties separated.

*We are not persuaded by Father's argument.*

Father does not cite any statutory, Child Support Guidelines, or caselaw support for his argument that the district court had no discretion to deduct the home's 2009 value from the retroactive support owed rather than impute a rental value of the home. It was his burden to show the district court acted outside the discretion anticipated by the Guidelines. See *In re Marriage of Thomas*, 49 Kan. App. 2d at 955. He failed to do so.

The district court's decision to deduct half of the value of the home was not unreasonable because Father deeded the home to both Mother and the parties' eldest child. Therefore, Mother only owned half of the home. The eldest child was no longer a minor and her support was not part of the court's order.

7

Even though Father asserts that the parties had an agreement that the entire value of the house was to be credited for child support, there was no evidence presented supporting such an assertion. The court believed Mother and did not believe Father on this point. And a parent cannot contract away their duty to support under the law in *Bohrer*, 286 Kan. at 906. We note that the parties had two children other than M.R. living in the home at the time of their separation and any such agreement would not solely arise from the duty to support M.R.

The district court stated that payments made outside of a child support order are considered gifts. But the court did not disregard the gift of the home in this case. Rather, the district court awarded Father a credit for giving the home to Mother.

We cannot determine from the record what the rental value of the home would have been. Father does not so state and he does not include in the record any of the exhibits he submitted to the district court. It was his burden to do so. See *Friedman*, 296 Kan. at 644. Father's argument that the district court should be reversed to impute an unknown number into the child support calculation is unconvincing.

We find that the district court did what it could with the evidence presented by the parties on this matter and fashioned a reasonable retroactive child support award.

*Did the passage of time bar this award?*

At the hearing, without using the term laches, Father argued it would be unfair and inequitable for him to pay retroactive child support because of his goodwill in deeding the home to Mother. He asserted the parties had an agreement. In its decision, the district court stated that laches did not bar child support claims. We will consider the doctrine here.

Appellate courts review a district court's application or rejection of laches for an abuse of discretion. *State ex rel. Stovall v. Meneley*, 271 Kan. 355, 388, 22 P.3d 124 (2001). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *In re Spradling*, 315 Kan. 552, 590, 509 P.3d 483 (2022).

Laches is an equitable doctrine designed to bar stale claims. The mere passage of time is not enough to apply laches. Laches is not a mere delay but a delay that works to the disadvantage of another. The application of laches will depend on the facts of each case, which must all be considered. *Clark v. Chipman*, 212 Kan. 259, 268-69, 510 P.2d 1257 (1973).

Generally, past-due child support payments are not barred by laches during the child's minority. A father's duty to provide for the support of his minor child is a moral and legal obligation to the child that cannot be waived by inaction or passive acquiescence by the mother. *Strecker v. Wilkinson*, 220 Kan. 292, 298, 552 P.2d 979 (1976). *In re Parentage of Shade*, 34 Kan. App. 2d 895, 904, 126 P.3d 445 (2006) applied that rule in a parentage action.

The parties separated in 2009. In 2014, Father deeded a home to Mother and their eldest child. Father never paid child support to Mother. At the time of the hearing and decision, M.R. was a minor child and needed support. The district court found Mother's retroactive child support claim was not barred by laches. The district court considered established Kansas law and the fact that Father paid no child support for any of the children.

We find no abuse of discretion in refusing to find that the doctrine of laches barred the claim for retroactive child support. The district court's decision adhered to Kansas law. The Parentage Act permits retroactive awards of support from the date of birth of the

9

child. See K.S.A. 23-2215(f)(1). M.R. was a minor child. Mother's acquiescence to Father not paying child support has no bearing on Father's legal and moral duty to support M.R. If the court could consider whether M.R. was adequately supported, the district court did take into account the fact that Father deeded the house to Mother and their daughter when determining the amount of retroactive child support Father owed.

*Was there sufficient evidence to support this award?*

Father argues substantial competent evidence does not support the district court's retroactive child support award. He contends that:

- There was little evidence of the parties' income over the years;
- there was no evidence of the parties' incomes from 2009 to 2015;
- no evidence supported Mother's actual expense figures;
- the court overlooked the value of child tax credits Mother received; and
- a county assessment was not a good measure of the market value of the home Father deeded to Mother.

We will review this as we have with the two prior issues—as a matter of court discretion. See *In re Marriage of Thrailkill*, 57 Kan. App. 2d 244, 257, 452 P.3d 392 (2019).

Because this was a request for support for a period more than five years before commencement of the paternity action, Mother had the burden to show the amount requested did not exceed her actual expenses made on behalf of M.R.:

"The amount of any award made under this subsection shall be determined by application of the Kansas child support guidelines. For any period occurring five years or less before or after commencement of the action, there is a rebuttable presumption that such child support guidelines amount reflects the actual expenditures made on the

10

child's behalf during that period. For any period occurring more than five years before commencement of the action, the person seeking the award has the burden of proving that the total amount requested for that period does not exceed expenditures actually made on the child's behalf during that period." K.S.A. 23-2215(f)(3).

But for our purposes in this appeal, the burden is on Father in making this claim to designate a record sufficient to present his points and to establish his claims. *Friedman*, 296 Kan. at 644; see Supreme Court Rule 6.02(a)(4) (2025 Kan. S. Ct. R. at 36).

The parties agreed to have the case decided on proffered evidence and oral arguments. They agreed on the basic facts. Only one of the parties' exhibits is included in the record on appeal—a one-page summary submitted by Mother. She has not submitted a brief to this court. Only Father has submitted a brief.

To the district court, Mother submitted tax records in support of her income figures. At the hearing, Father stated he was not disputing any of Mother's income figures. Mother stated she was always claiming M.R. on her tax returns.

From 2009 to 2015, Mother lived with M.R. and the parties' two daughters. At the hearing, Mother stated that her 2009 to 2015 lookback period was based on actual expense. She said she took her average household expenses of $1,950 a month—for utilities, car loan, gas, insurance, food, clothing, and personal hygiene—and divided them by four. She submitted a modified domestic relations affidavit detailing what she was spending every month.

Mother submitted a certified document from the county appraiser listing the value of the property in 2009 at $34,500. Father did not submit evidence showing an alternate value of the home.

11

Father did not dispute Mother's income figures for her first two lookback periods at the hearing and cannot do so now on appeal. See *Water Dist. No. 1 of Johnson Co. v. Prairie Center Dev.*, 304 Kan. 603, 618, 375 P.3d 304 (2016) (invited error). Additionally, Father did not include Mother's exhibits in the record on appeal for this court to review Father's sufficiency of the evidence argument. See *Friedman*, 296 Kan. at 644 (burden to designate a record). Mother supported her income figures with tax records. This court can assume the figures were supported by substantial competent evidence.

For the 2009 to 2015 period, Mother based her child support calculation on actual expenditures made on M.R.'s behalf as contemplated by K.S.A. 23-2215(f)(3). Mother submitted a modified domestic relations affidavit detailing what she was spending every month for the household, which was evidence the district court could consider. See *Brakey v. Howe*, No. 89,931, 2004 WL 376417, at *7 (Kan. App. 2004) (unpublished opinion). Father complains that Mother did not present receipts or other evidence to back up her figures. But again, Father failed to designate a record sufficient to review this claim by failing to include Mother's exhibits in the record. Based on the record, the court cannot say the district court's decision lacked substantial competent evidence.

With regard to the child tax credit, it appears from Mother's arguments that she considered the value of the child tax credits in her child support calculations. Again, the record is insufficient to review Father's contention the district court erred in this regard.

With regard to the home, Father did not submit an alternate valuation of the home for 2009 or 2014. He cites no authority for his contention that the county assessment was not a good measure of the value of the home. The district court's decision to use the county assessment value was not unreasonable.

We are unpersuaded by Father's arguments on this point. Substantial evidence supported the court's findings and its rulings are reasonable.

To sum up, we realize that this was a large award of retroactive child support. But we recognize the equities that the court was balancing here. On one side, Father had—by gift—provided shelter for Mother and all three children. On the other side, Mother—with virtually no monetary support from Father—was forced to provide for the many necessities of life for her three children. For M.R., those expenses started from his birth and continued well after this paternity action began.

The district court appreciated the benefit the gift of the house made for Mother but decided that the gift did not absolve Father of his moral and legal responsibilities to support his child. We will not substitute our judgment for the district court's judgment. Nor will we reweigh the evidence. The court gave solid reasons for its ruling. We find no abuse of discretion.

Affirmed.