**ANTHONY TURBE AND LOLA TURBE, Plaintiffs**

**v.**

**JERALD ELLICK and ROCHELLE ELLICK, Defendants**

Civil No. 138-1976

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

July 27, 1976

MEMORANDUM OPINION

Most of the facts in this case are undisputed. Mr. Turbe and Mr. Ellick entered into a land lease on June 9, 1969 (Plaintiff's Exhibit No. 1) for a period of five years at a yearly rental of $240.00. Mr. Ellick located a trailer on the property and resided there with his wife and children for the full five years of the lease, and remained in possession as a holdover for an additional 19 months. At the expiration of the five-year lease, plaintiffs notified defendants that the rent would be raised to $150.00 per month, an increase to which defendants did not accede. Defendants eventually did, however, make rental payments of $75.00 per month. Total rents paid over the 79 month period totalled $1,410.00.

As to some of the disputed facts of this case, the Court finds as follows: During the third year of defendants' tenancy, defendants requested permission to build a retaining wall on the property for the safety of their children. Plaintiffs granted such permission and agreed to credit defendants' rent for the value of the improvements made to plaintiffs' property. Defendants constructed or had constructed the retaining wall, a parapet, two gate posts, a skirt wall, a veranda with steps, trailer piers and trailer steps. Plaintiffs accepted and acceded to all of these improvements and agreed to credit defendants' rent in the sum of $900.00, a sum only one-third of the cost of installation as estimated by plaintiffs' own expert witness (See p. 4. of Plaintiffs' Exhibit No. 4). The aforementioned parapet and veranda were faultily constructed in violation of the applicable

building codes. When defendants finally vacated the premises and removed the trailer, they damaged another retaining wall, which had been erected by the Department of Public Works, and left behind a large amount of rubbish and debris.

■■ The plaintiffs failed to prove that approval of the Rent Control Officer was obtained for the increase in rental after the expiration of the five-year lease. This tenancy clearly falls under the provisions of 28 V.I.C. § 834 et seq. Consequently, Mr. Ellick is entitled to recover double damages for any excess rents paid pursuant to 28 V.I.C. § 844(a). The Court finds that rents for the 79 months should have totalled $1,580.00; that rents paid totalled $1,410.00 plus $900.00 credited toward rent; that excess rents collected by Mr. Turbe totalled $730.00. Accordingly, Mr. Ellick is entitled to Judgment against Mr. Turbe in the sum of $1,460.00. Any claim by Mrs. Ellick is denied, since this award is made solely on the leasehold tenancy which was between Mr. Ellick and Mr. Turbe only.

■■ With regard to plaintiff's claims against the defendants, the Court finds that plaintiffs are entitled to an award of damages as follows: 1) $225.25 for damages done to the Government-constructed retaining wall; 2) $55.00 for the demolition and removal of the faultily-constructed parapet; 3) $180.00 for the demolition and removal of the faultily-constructed veranda; 4) $70.00 for the removal of rubbish and debris left behind by defendants. For purposes of this award of damages, plaintiffs are considered as joint owners of the property and defendants as joint tortfeasors. Plaintiffs are entitled to Judgment against the defendants in the sum of $530.25.

Let Judgment enter accordingly.