**COMMUNITY REALTY MANAGEMENT, INC., Plaintiff**

v.

**WILLY DECEMBRE, Defendant**

Civil No. 39C/76

Territorial Court of the Virgin Islands

Div. of St. Croix

February 7, 1977

KENNETH L. LINDQUIST, Christiansted, St. Croix, V.I., *for plaintiff*

THOMAS L. HAMLIN, V.I. Community Legal Services, Christiansted, St. Croix, V.I., *for defendant*

FINCH, *Judge*

MEMORANDUM OPINION

This is an action for rent and recovery of possession of

216

premises. The complaint alleges that the Plaintiff and Defendant entered into a lease contract for the demise of Apartment 271 of Harborview Apartment, St. Croix and that the Defendant has failed to pay rent thereon. In his answer, the Defendant pleaded the absence of jurisdiction to determine this matter since Plaintiff failed to comply with 28 V.I.C. §§ 831 through 846.

At a pretrial conference the parties agreed to submit the matter on trial memoranda, and additionally, stipulated for the amendment of the complaint by the Plaintiff. Plaintiff did amend its complaint and prayed for judgment in the sum of $476.00. Defendant amended his answer by alleging that he has ceased to be employed and that pursuant to the lease agreement he is not liable for rent. Additionally, the Defendant alleges that the Plaintiff accepted a tender of rent for the month of August, 1976 and as a result of such acceptance, the tenancy has been restored and that he is now in lawful possession.

The Defendant posits that the Court lacks subject matter jurisdiction notwithstanding the fact that the rent on the unit he occupies is $255.00 per month because his contribution to that rent is only $76.00 per month. The United States Government, through the Department of Housing and Urban Development, found the Defendant qualified for rent supplement payments in the sum of $179.00 per month and as a result of this qualification, $179.00 of the total rent of $255.00 per month is paid by the federal government and the Defendant pays the remaining $76.00 per month. Because of this allocation of payments, the Defendant seeks to bring himself within the limits of Kress, Dunlap and Lane, Ltd. v. Downing, 193 F.Supp. 874 (D.C.V.I. 1961).

The Plaintiff makes several assertions in support of its claim. The first of these is that the Court may look to the total rent charged and conclude that the strictures of Kress,

supra, are not applicable. Indeed, this matter can be speedily determined by consideration of Kress. There the Court held that the rent control law of the Virgin Islands applies to low and medium rental accommodations which are accommodations being rented for less than $75.00 per month and $75.00 to $175.00 per month respectively. In Kress, supra, the Court found that rentals in excess of $175.00 per month were high rental housing accommodations to which the rent control law did not apply. There the Court made no distinctions as to the manner in which rent was apportioned, that is whether the tenant paid part of it and the remainder came from some other source. Nor was the Court in Kress, supra, concerned with who paid the rent. The concern of the Court in that case was in regard to the amount of rent charged for the housing accommodation.

In view of the foregoing, it is the opinion of the Court that the Defendant does not bring himself within the rent control laws of the Virgin Islands.

The parties to this action have exhaustively briefed the question as to whether the Secretary of Housing and Urban Development has preempted the rent control laws of the Virgin Islands as they relate to this housing unit. Notwithstanding the fact that the Court finds it inviting to decide that issue, such determination is not necessary at this time.

### ORDER

In view of the foregoing discussion, it is

ORDERED that the motion of the Defendant to dismiss be and the same is hereby DENIED: and it is

FURTHER ORDERED that this matter be and the same is set down for hearing on the merits on February 10, 1977.