**FRANCES BURGESS, DIANE M. STEPELTON, ALBERT HUGGINS, TOM O'BRIEN, RON MARTIN and ANNE EVANS, Plaintiffs**

v.

**FRANCIS M. McLAUGHLIN, BERNARD MACELHENNY, JOHN F. MCLYCHOK, FRANK McLAUGHLIN, McLAUGHLIN REALTORS, DALE HAMILTON and CONTANT INVESTORS, Defendants**

Civil No. 80-33

District Court of the Virgin Islands

Div. of St. Thomas and St. John

February 12, 1981

ROBERT KING, ESQ., St. Thomas, V.I., *for plaintiffs*

PETER MARTIN, ESQ. (DUDLEY, MARTIN & DUDLEY), St. Thomas, V.I., *for defendants*

CHRISTIAN, *Chief Judge*

## MEMORANDUM AND ORDER

This case is before the Court on the motion of the defendants for judgment on the pleadings, Fed. R. Civ. P. 12(c), or in the alternative, for summary judgment, Fed. R. Civ. P. 56. The Court will grant defendants' motion for summary judgment on the issue of the applicability of the Virgin Islands Rent Control Law, 28 V.I.C. § 831 et seq., to the rental units occupied by the plaintiffs.

The plaintiffs contend that the defendants have violated the Virgin Islands Rent Control Law, 28 V.I.C. § 831 et seq., by having raised the rents on their apartments without the prior approval of a Rent Control Officer. The plaintiffs argue that they are renting medium and low income apartments and therefore their rent should be regulated by the Rent Control Law. The defendants' contention is that the Rent Control Law is inapplicable to the case sub judice, as the plaintiffs occupy apartment units having a rental value in excess of $175.00 per month. The defendants point out that in Kress, Dunlap & Lane, Ltd. v. Downing, 4 V.I. 261, 193 F.Supp. 874 (D.V.I. 1961) (hereinafter "Kress II") this Court held that housing accommodations which rent for more than $175.00 per month were no longer governed by the Rent Control Law. The defendants conclude that it would be inappropriate for this Court to establish a higher ceiling for rent control.

Thus, the issue that is presently before the Court is whether we should revise our prior holding in Kress II and extend the Virgin Islands Rent Control Law, 28 V.I.C. § 831 et seq., to apartments not

341

previously covered. We agree with the defendants' conclusion that the Rent Control Law should not be extended and will grant the defendants' motion for summary judgment, as "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56. Our reasons follow.

We begin our discussion with a brief outline of the history and substance of the Virgin Islands Rent Control Law, to better understand the basis for our ruling.

On December 22, 1947, the Municipal Council of St. Thomas and St. John approved, as amended, the "Emergency Rent Act", which in essence provided that the maximum rent to be charged for rental property, both business and residential, should be the rent in force on July 1, 1947.[1] The preamble to the enactment provided the reasons for its adoption.

> WHEREAS, An acute building shortage exists which has given rise to a public emergency, resulting in undue hardship on tenants and lawful occupants of premises; and,
>
> . . .
>
> WHEREAS, It is the purpose of this Act and the policy of the Municipal Council, during the existing emergency, to prevent undue rent increases, unreasonable evictions, and any other practices relating to housing and business accommodations in the Municipality which may tend to increase the cost of living:
>
> . . .

Ord. Mun. C. St. T. and St. J., app. December 5, 1947, Bill No. 92. As this statute was an "emergency measure," its provisions were to "remain in force and effect only for the duration of the public emergency with respect to the shortage of housing and business accommodations." 28 V.I.C. § 846.

The landmark case interpreting the Rent Control Law was our decision in Kress II.[2] In that case, the Court found that the public emergency, which justified the continued application of the Rent Control Law, was no longer in existence as to "housing accommodations which rent for more than $175.00 per month or to business

---

[1] Ord. Mun. C. St. T. and St. J., app. December 22, 1947, Bill No. 171. On March 31, 1955, these provisions were extended to St. Croix. Act No. 24, app. March 31, 1955, § 13, V.I. Sess. Laws, 1955, p. 39. The Rent Control Law was codified on September 1, 1957, in 28 V.I.C. §§ 831–846.

[2] In Kress, Dunlap & Lane, Ltd. v. Downing, 4 V.I. 227, 286 F.2d 212 (3rd Cir. 1960) (hereinafter "Kress I") the Third Circuit reversed a grant of summary judgment and remanded the case to the District Court so that the Court could make factual findings regarding the existence of an emergency, and make a ruling on the constitutionality of the Rent Control Law.

accommodations." Kress II at 274. However, the Court did find a continuing emergency with respect to medium and low rental housing letting for $175.00 a month or less, and thus found the Rent Control Law still applicable to these accommodations. Id. at 272–74.

In Kress II, the Court also considered the issue of the constitutional validity of the Rent Control Law's authorization of a rent freeze at the price in force on July 1, 1947. 28 V.I.C. § 834. As written, the Rent Control Law only provides for an upward adjustment of the rent in the event of a "substantial major capital improvement or structural change." 28 V.I.C. § 836. This Court found the Rent Control Law to be a deprivation of property without due process of law,[3] and thus unconstitutional, as it did not make any provision for the upward adjustment of rents "to take account of increased costs and increased property values in an area such as the Virgin Islands where there has been such a tremendous rise in the level of both costs and property values since 1947," Kress II at 275. However, the Court also noted that it had an obligation to construe the law so as to make it valid, and did so by reading into the law a requirement that the rent fixed for a property must "provide the landlord with a return upon the value of his property which is fair and equitable in the light of the reasonable expenses of maintenance and operation of the property." Id. at 275–76.

■ The Kress II holding has been consistently followed by the Virgin Islands courts whenever they have been called upon to construe the provisions of the Rent Control Law. See, e.g., Walter Caribbean Corp. v. Government of the Virgin Islands, 12 V.I. 567 (D.V.I. 1976); Community Realty Management, Inc. v. Decembre, 13 V.I. 216 (Terr. Ct. V.I. 1977); deMouy v. Ingvoldstad, Civ. No. 71-239, 1979 St. Thomas & St. John Supp. 188 (D.V.I. May 28, 1979). But, cf., Esannason v. Carsman, Civ. No. 79-866 (Terr. Ct. V.I. October 1, 1980) (the court has the power to modify the ruling in Kress II). Furthermore, the Rent Control Law has not yet been modified by the Legislature. See, e.g., deMouy, supra, at 220–221 (the Legislature has not overturned Kress II and thus has approved it "sub silencio"). Therefore, the Rent Control Law has not been applied to housing units renting for more than $175.00 a month since 1961.

The plaintiffs have asked this Court to extend the application of

---

[3] The due process clause of the Fourteenth Amendment to the United States Constitution is made applicable to the Virgin Islands by virtue of section 3 of the Revised Organic Act of 1954.

the Rent Control Law to rental housing that costs more than $175.00 a month, but may nevertheless be placed in the category of middle or low income rental housing. However, although this Court may have the power to make adjustments for inflation to the $175.00 ceiling amount imposed by Kress II, it chooses not to exercise this power for several reasons.

First, making an adjustment for inflation is a task to which the Legislature is the most ideally suited. In any given case, this Court could hear expert testimony as to the effects of inflation on the cost of rental housing in the Virgin Islands. We could then make a decision as to what an apartment which rented for $175.00 per month in 1961 should rent for in 1981. However, given the current market, any opinion rendered regarding what the new ceiling should be would be out-of-date before the passage of a year. Thus, this Court would be continuously involved in making new determinations relative to what should be the appropriate ceiling. This is essentially an administrative task and therefore a job that courts should be reluctant to undertake. On the other hand, the Legislature could schedule extensive hearings to determine the appropriate ceiling for rent control, and then provide for yearly increases in that ceiling commensurate with a selected cost price index that would reflect the effects of inflation. This is clearly the more desirable manner of revising the $175.00 limit set in Kress II.

■ Another valid objection to this Court's extension of the Rent Control Law is that the administrative body that must rule on rent control matters is ill equipped to handle a bigger case load. At present, the provisions of the Rent Control Law are administered and enforced by one Rent Control Officer for St. Thomas and St. John, and one Rent Control Officer for St. Croix. The two officers are under the direction and general supervision of the Commissioner of Housing and Community Renewal. 28 V.I.C. § 832. These three administrative officers are charged with approving all adjustments to the rent charged by landlords. 28 V.I.C. §§ 836–838. Such adjustments require complex calculations to determine the amount of rent which will provide the landlord with a "fair and equitable return" upon the value of his property. These calculations, as set forth in Kress II, are as follows:

> In ascertaining a reasonable rate in any case, the commission should first determine the fair market value of the property. In doing this, it may consider original cost, as well as cost of reproduction; also, rental value may be considered. These are all

elements to be considered, none of which, or all combined, is necessarily conclusive. Second, it should determine the gross rentals demanded by the landlord. Third, it should compute the operating expenses, to be ascertained as herein outlined, and deduct the gross expense from the gross rental. This will give the net rental, from which a percentage of income can be computed on the fair market value of the property.

Kress II at 285–86. If this Court were to now expand the jurisdiction of the three administrators of the Rent Control Law, this would undoubtedly create a great backlog of cases for these public officials and thus interfere with the smooth flowing of the rental market. Clearly, an administrative mechanism set up in 1947 should be revamped by the Legislature before it is taxed by a larger work load.

Finally, another objection to an extension of the Rent Control Law by this Court is that raising the ceiling may prolong the life of a statute that is in its final death throes, without attempting to cure its likely fatal illness. Therefore, this Court will not continue to pump energy into an artificial life support system, but instead will encourage the Legislature "to pull the plug" and start afresh with legislation that is constitutional and in accord with the economic conditions and housing requirements of the eighties.

## ORDER

The premises considered and the Court being fully advised,

IT IS ORDERED that defendants' motion for summary judgment be, and the same is hereby, GRANTED.