**DOROTHY IBLE, Plaintiff**

v.

**VIVIAN DeWINDT, FRANKLIN DeWINDT, and VICTOR HATCHETT, Jointly and Individually, Defendants**

Civil No. 571/1982

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 9, 1985

BARBARA J. TWINE, ESQ., St. Thomas, V.I., *for plaintiff*

JOHN L. MADURO, ESQ., St. Thomas, V.I., *for defendants*

HODGE, *Presiding Judge*

## OPINION

### I. INTRODUCTION

The sole question presented in this case is whether a subsequent owner/landlord of real property is liable to a tenant for rent control violations where the violations were committed by the prior owner/landlord and the new owner/landlord is a bona-fide purchaser for value without notice. For the reasons which follow, the Court holds that the new owner/landlord is not liable.

### II. FACTS

The plaintiff, Dorothy Ible, entered into an oral agreement in November 1977 with defendant Victor Hatchett to rent a two (2) bedroom apartment located at 17A Ny Nordsidevej for $160.00 per

month. At the time of this agreement, defendant Hatchett was the sole owner of said property. Subsequent to November 1977, the rent was increased by defendant Hatchett from $160.00 to $170.00 (August 1979), to $180.00 (August 1980) and then to $190.00 (September 1981). No permission was obtained from the Rent Control Officer for the increases.

■ The rent control laws are applied to housing units renting for not more than $175.00 a month. Burgess v. McLaughlin, 18 V.I. 340 (D.C.V.I. 1981). Thus, all of the rent increases imposed by defendant Hatchett were in violation of 28 V.I.C. §§ 834 and 835.

By warranty deed, dated December 17, 1981, the DeWindts purchased the property from Hatchett for the sum of $49,000.00 without knowledge of the violations. Thereafter, the DeWindts advised the plaintiff that the apartment rental would be increased from $190.00 to $300.00.

Plaintiff objected to this substantial increase in rent and subsequently filed this action to recover, among other things, excess rent and penalties from the defendants.

## III. DISCUSSION

Title 28 V.I.C. § 844 states in pertinent part,

"If any landlord receives rent in violation of any provision of this subchapter, or any regulation or order thereunder prescribing a rent ceiling, the tenant paying such rent . . . may bring an action by which the rent paid exceeds the applicable rent ceiling."

The evidence establishes that defendant Hatchett did not obtain the approval of the Rent Control Officer before he increased the rent, as aforesaid. This clearly indicates a violation of the law and therefore the plaintiff has a valid claim against him. See, Turbe v. Ellick, 12 V.I. 457 (1976). However, the plaintiff also attempts to recover against the DeWindts.

It is clear from the warranty deed that the DeWindts did not acquire title to the property until December 17, 1981, some four (4) years after the violations had begun. Moreover, there is no evidence that the DeWindts received any rents in violation of the rent control statute or that they were aware of defendant Hatchett's violations.

The evidence establishes beyond question that the DeWindts are bona-fide purchasers, in that they purchased the property for a fair market value in an arms length transaction without notice of any

violations having been committed. Indeed, at the time of the DeWindts' purchase of the property, the rental paid by the plaintiff was $190.00 per month, which is beyond the rent control limit. Burgess v. McLaughlin, supra.

The plaintiff seemingly would like the Court to impute defendant Hatchett's liability for violations of the rent control laws to the DeWindts. In view of the circumstances of this case and the applicable law, the Court refuses to do so.

In Mead Corp. v. Abeles, 530 F.2d 38 (5th Cir. 1976) the plaintiff, a tenant, contended that the defendant, a subsequent owner, was personally liable for the cost of repairs which the prior owner was obligated to pay pursuant to a Georgia statute. There, the Court held that a purchaser of demised premises was not personally liable for the landlord's breach of a statutory obligation to pay for necessary repairs to premises made by a tenant where the breach occurred prior to the purchase. Although Mead Corp. involved a statute for repairs rather than a rent control statute, the same rationale applies to the case at bar. See also, Wilcox v. Kehoe, 52 S.E. 896 (1905) and Kirkland v. Wallace, 114 S.E. 649 (1922).

## IV. CONCLUSION

▮ In view of the foregoing, the Court concludes that Franklin DeWindt and Vivian DeWindt are not liable for any excess rent charged to the plaintiff by defendant Victor Hatchett.

Accordingly, judgment will be entered in favor of defendants Franklin DeWindt and Vivian DeWindt on this issue.

## JUDGMENT

This matter came on for trial on April 9, 1985. The plaintiff appeared personally and was represented by Attorney Barbara Twine. Defendants Franklin DeWindt and Vivian DeWindt also appeared personally. Defendant Victor Hatchett did not appear due to a prolonged illness. All of the defendants were represented by Attorney John Maduro.

The parties stipulated to the use of Victor Hatchett's deposition taken October 30, 1984 as a substitute for his in-court testimony. The Court having heard the testimony adduced by the parties and upon consideration of the evidence presented, having entered its findings of facts and conclusions of law into the record and in the attached opinion, it is hereby,

ORDERED that as to Count I, the plaintiff shall recover from

defendant Victor Hatchett the sum of ONE THOUSAND NINE HUNDRED FORTY DOLLARS ($1,940.00); and it is further,

ORDERED that as to Count II, judgment is rendered in favor of defendant Hatchett; and it is further,

ORDERED that judgment is rendered in favor of defendants Franklin DeWindt and Vivian DeWindt as to all of the counts in the complaint (Count I & II); and it is further,

ORDERED that plaintiff shall recover from defendant Victor Hatchett reasonable costs and attorney's fees upon submission of an appropriate affidavit.