## AGNES SEBASTIAN, Plaintiff

v.

## ESTATE OF URMAN FREDERICKS, Defendant

Civil No. 1074/1984

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

June 25, 1986

■■■■■■■■■■■■■■■■■■■■

■■■■■■■■■■■■■■

■■■■■■■■■■■■■■■■

CHRISTIAN, *Senior Sitting Judge*

## MEMORANDUM AND JUDGMENT

The question before us is whether a renter of land for the first time in 1972 at a monthly rent not in excess of $175.00 to build a superficiary house or houses, who raised the rent without the approval of the Rent Control Officer pursuant to 28 V.I.C. § 836 et seq., may be sanctioned as provided by § 844 id. For the reasons set forth below, we hold he may not, and require the tenant to pay all legal rent accrued and unpaid to the date of removal from the premises.

## I. FACTS

In September 1972, plaintiff rented from Urman Fredericks, Deceased[1] (hereafter "Deceased"), a parcel of his land situate at Estate Nadir #44 to build a superficiary (plywood) house at a monthly rent of $40.00. In May 1974, Deceased raised the rent to $50.00 a month, and in 1980 to $75.00 a month, in both instances without the approval of the Rent Control Officer. Upon removal from the premises in 1984, plaintiff contends that defendant, now the estate of Urman Fredericks, Deceased, should be penalized as provided by 28 V.I.C. § 844—that the estate should be required to pay "double damages predicated on the illegal overpayment made to defendant."[2]

The points briefed by the parties centered on whether the Court lacked jurisdiction to consider the case for the reason that plaintiff failed to exhaust her administrative remedies; which of several general statutes of limitation prescribed in 5 V.I.C. § 31 should

---

[1] Urman Fredericks died on April 26, 1974.

[2] In her Amended Complaint, as she did in her original Complaint, plaintiff also prayed the Court to declare plaintiff's interest in the house she constructed on the rented premises or in the alternative enter an Order requiring defendant to pay plaintiff the reasonable value of the house built on the parcel. Any claim defendant contemplated or made in this connection was stipulated by the parties to be filed in the probate proceeding (Probate No. 86/1984), and rejected by the Administrator pursuant to 15 V.I.C. § 391 et seq. At a hearing held by the Court on April 30, 1986, on appeal from the Administrator's rejection of the claim, the Court affirmed the decision of the Administrator and directed the parties to brief the rent control question we now decide in this Opinion.

govern a claim predicated on 28 V.I.C. § 844(a) since no special limitation was prescribed; and whether the prosecution of the action should not be barred by the application of the equitable defense of laches.

## II.

### A. *Applicability of Rent Control Law to the Case**

■ Maximum rents are prescribed in 28 V.I.C. § 834(1) for housing accommodations, which by the definitions provided in § 831 id. include "land rented for the location of superficiary houses," in which case the maximum rent which may be charged is the rent in force and effect on July 1, 1947. The rent we deal with here was not in force and effect on July 1, 1947. Subsection (2) of § 834 id. prescribes maximum rents chargeable for land on which superficiary houses are constructed, again, which were in force and effect on July 1, 1947. This ceiling, also, is inapplicable to the land in question here as it was rented for the first time in 1972. The wording of subdivision (3) of § 834 id. clearly is intended to deal with housing and business accommodations which are improvements on the land and not just vacant land as is the case here. And subdivision (4) of § 834 id. prescribes as the maximum rent the last rent in force and effect prior to July 1, 1947. We hold that the case before us involves land rented for the construction of a superficiary house which does not fall within the language of any of the four maximum rent ceilings set forth in 28 V.I.C. § 834. Rent control laws being in derogation of the common law and common law rights should be strictly construed. See Russick v. Hicks, D.C. Mich., 85 F. Supp. 281; Grimes Packing Co. v. Hynes, D.C. Alaska, 67 F. Supp. 43, affirmed, C.C.A., 165 F.2d 323, vacated on other grounds 69 S.Ct. 968, 337 U.S. 86, 93 L.Ed. 1231.

■ Where strict construction is applicable, all doubts should be resolved in favor of the construction of pre-existing common law rights. Here the common law rights of the parties are governed by the rent asked, consented to, and paid by the tenant for many years.

### B. *Need To Exhaust Administrative Remedies Before Seeking Judicial Relief*

■ Defendant contends that before plaintiff may seek judicial relief, it must first exhaust the administrative remedies provided

---

* This issue is addressed by the Court sua sponte.

in this case by 28 V.I.C. § 832 et seq. We disagree. This is true in the ordinary case where such action is made a condition precedent to invoking the aid of the courts. But plaintiff's case is grounded on 28 V.I.C. § 844 which reads in pertinent part:

(a) If any landlord receives rent in violation of any provisions of this subchapter, or of any regulation or order thereunder prescribing a rent ceiling, the tenant paying such rent or the Rent Control Officer on behalf of such tenant may bring an action for double the amount by which the rent paid exceeds the applicable rent ceiling or for $50 whichever is greater, plus attorney's fees and costs as determined by the Court. (Underscoring ours.)

Clearly, the aggrieved tenant may bring his or her action if the landlord receives rent in violation either of the statute or action taken at the end of the administrative route. Since the right to commence court action is framed and given in the disjunctive, plaintiff may bring his action if either or both, not necessarily both, conditions exist. In this case plaintiff is basing her action on the condition that rent was received in violation of the ceilings prescribed in the statute at 28 V.I.C. § 834. Her complaint is legally sufficient. She does not have to allege prior exhausting of administrative remedies.

C. *The Applicable Statute of Limitations*

Since the statute does not provide any special statute of limitations applicable to a case based on 28 V.I.C. § 844, the parties presented their respective positions on which of the general statute of limitations encoded at 5 V.I.C. § 31 is applicable to the case. Plaintiff contends that the six-year general statute of limitations provided at 5 V.I.C. § 31(3)(B) should govern the case for the reason that this statute applies to liability for damages only created by statute, and not to penalties or forfeitures. She bases her contention on Turbe v. Ellick, 12 V.I. 457, 459 (Mun. Ct. 1976), wherein she argues "the court characterized the remedy envisaged in 28 V.I.C. § 844(a) as one for 'double damages', and involves no penalties or forfeitures." But defendant estate contends that since the case does not involve a common-law right, an action upon a contract, or an action to recover real property, but is an action upon a statute for a penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the Government of the Virgin Islands, except where the statute prescribing it provides a different

limitation, the general statute of limitations which should govern the rights of the parties is the three-year limitation provided at 5 V.I.C. § 31(4)(B), or the two-year limitation provided at 5 V.I.C. § 31(5)(B), an action upon a statute for a forfeiture or penalty only.

A careful reading and comparative analysis of all three limitations referred to above and contended for by the parties make it very clear that the only correct limitation applicable to the case is 5 V.I.C. § 31(4)(B), the three-year general statute of limitations. We find no duplication in the several limitations enacted at 5 V.I.C. § 31.

█ 28 V.I.C. § 844(a) on which plaintiff's action is based provides both a civil remedy and a civil penalty. As such it is at once remedial and penal, although providing only a civil as distinguished from a criminal penalty as does subsection 844(b). To the extent that 844(a) provides that the overcharging landlord must repay to the victimized tenant the amount by which he has overcharged the tenant, so as to make him whole, the relief provided by 844(a) is remedial, provides for the payment of damages suffered by the tenant. To the extent that 844(a) requires the offending landlord to pay the rent overcharged a second time, the statute is penal, although the penalty is a civil and not a criminal one. Since 5 V.I.C. § 31(3)(B) provides an action upon a liability created by statute, "other than a penalty," civil or criminal, this limitation is inapplicable to 28 V.I.C. § 844(a).

We do not agree with plaintiff that Turbe v. Ellick supra throws any light on the issue presented to be decided by the facts of this case.

█ Turning now to limitations (4)(B) and (5)(B), we are satisfied that only (4)(B), the three-year limitation is applicable to the facts of this case because that is the only limitation (a) presented in an action upon a statute for a penalty; (b) where the action is given to the party aggrieved; or (c) to such party and the Government of the Virgin Islands; and (d) where the statute giving the action, 28 V.I.C. § 844(a), does not prescribe a different limitation. On the other hand, 5 V.I.C. § 31(5)(B), prescribing the two-year limitation is also an action on a statute for a forfeiture or a penalty as is 5 V.I.C. § 31(4)(B), but here the action is not given to the party aggrieved "or to such party and the Government of the Virgin Islands", in this case the Rent Control Officer, on behalf of the aggrieved tenant. We are satisfied that this difference in the

provisions of these two limitations is a sufficient basis to determine which of these two limitations is applicable to the case before us.

D. *Laches*

Defendant also contends that plaintiff's suit should be barred by application of the equitable doctrine of laches. The estate contends to force it to go back at least six years and justify a $10.00 and a $25.00 rent increase is forcing it to do the impossible, particularly in this case in which children of the deceased are trying to manage the property of their deceased father without assistance; that for the Court to require them to do this would unduly penalize them for plaintiff's inexcusable delay in asserting her rights, if any.

■■ In the case of Benoit v. Panthaky, Legullou, Daniel and Government of the V.I. (Dec. 30, 1985),[3] the Court of Appeals for the Third Circuit stated "[w]hether laches should be used to bar an action is a question directed to the sound discretion of the trial court," citing Burnett v. New York Railroad Co., 380 U.S. 424, 435 (1965) . . . . The elements of the defense of laches are (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense", citing EEOC v. Great Atlantic and Pacific Tea Co., 735 F.2d 69, 80 (3d Cir. 1984) which in turn cited Costello v. United States, 365 U.S. 265, 282 (1961).

In her brief, plaintiff does not address this defense of the estate. However, in the fact portion on page one thereof she admits that from May of 1974 the rent was increased from $40.00 to $50.00 a month; that this increase of $10.00 a month continued from May 1974 to February 1980; that the rent was again increased in February 1980 from $50.00 to $75.00 a month; and that this second increase continued until plaintiff left the premises in 1984.

During all of the ten-year period that the alleged unlawful increase in the rent existed, it is undisputed that plaintiff took no legal action to obtain relief by virtue of 28 V.I.C. § 844, or otherwise.

■ We hold that the two-prong test laid down by the Court of Appeals in Benoit has been fulfilled by the facts of this case. As this Court held in Watlington v. Canton, 18 V.I. 203, relief should be denied plaintiff because she has delayed unduly in asserting her rights to the prejudice of the defendant. In the ten-year period

---

[3] Appeal from D.C.V.I. Civ. No. 84-0174 Ca. 3d. Civ. No. 85-3328.

intervening, material witnesses have died or become difficult to locate, records have disappeared, since plaintiff never complained about the small increases defendant has been led to its detriment to believe that there was full acceptance of these small increases in the rent over a period of escalating taxes, inflation and other costs.

### E. *Defendant's Counterclaim*

██ At a hearing held on June 13, 1986, defendant estate mentioned to the Court she had filed a Counterclaim in the case. When told the Court did not note the existence of any such pleading, counsel for defendant informed the Court that she was referring to a claim of defendant estate for unpaid rent for October 1984 through January 1986, when plaintiff vacated the premises, 16 months at $75.00 a month, $1,200.00, which she included as paragraph 2 in the Rejection of Claim of Agnes Sebastian by the administrator of the estate, dated and filed April 29, 1986. When plaintiff objected to the extreme informality of this pleading, the Court granted defendant estate until Friday, June 20, 1986, to file its Counterclaim *in proper form.* On June 23, 1986, the estate instead of filing a counterclaim for unpaid rent in the amount of $1,200.00 as originally claimed, filed a three-part counterclaim. Although plaintiff was ordered off the premises by the Court in January, and the Counterclaim for rent filed originally ran to January, the formal Counterclaim claims rent through June 1986, on the ground that plaintiff still has certain debris on the premises and therefore technically has not moved from the premises. The Court sees no merit in this argument. The Court considers the plaintiff as having vacated the premises and having no rights thereon as of January 1986. While it was the duty of the plaintiff to remove the house, having failed to do so within a reasonable time, she thereby relinquished her ownership of the house to the owner of the land upon which it was left, and the estate may now deal with the house in any way it sees fit without incurring any obligation to account to the plaintiff, the former owner, for its value, use or destruction. Nicholson v. Altona Corporation, 4 V.I. 478. Nowhere in Nicholson does it appear that if the owner fails to remove the house the owner of the land may bill him the cost of removal from the land; the penalty for the failure of the owner to remove the structure is the loss of the structure. We will therefore deny recovery of rent for any period after January 1986. For the same reason we will deny defendant's afterthought, oh-yes-

I-just-remembered, second Counterclaim of $4,000.00 for removal of the superficiary house from the property. When in 1972 defendant rented the land to plaintiff to build a superficiary house, Nicholson, decided on June 20, 1963, was already the law of the land. Therefore, defendant cannot say it was unaware of the fact that it might have a building built by the renter of the land on its hands, to keep as its property or to remove at its expense if it elected not to retain the structure as its own. Furthermore, defendant saw the type of building constructed on the land without objection.

██ ██ As to defendant's third counterclaim for costs and attorney's fees, this case arose out of a case for forcible entry and detainer, Civil No. 492/1985, started by the estate. 28 V.I.C. § 751 et seq. In that type of case we are prohibited from awarding fees and costs. Sec. 794 id. An award of costs as defined in 5 V.I.C. § 541 et seq. lies in the discretion of the Court. We are satisfied from the convoluted route this case and the related proceedings between the parties have taken, that it would be an abuse of discretion to grant costs in any of the actions in which it may be legally granted. While the Court is of the opinion that the rent control law does not apply to the land in question, there is no dispute between the parties that they agreed that the rent should be at least $40.00 a month. The dispute centers only on the $10.00 and $25.00 a month increase. Since plaintiff has had the expense of moving her superficiary structure from the land, and did incur this expense at least in part, the Court will not require her to pay the disputed amount of $35.00 per month for the 16 months. She will be ordered to pay only $40.00 a month for the period October 1984 through January 1986, a total of $640.00 instead of $1,200.00.

### III. CONCLUSION

We are of the opinion that the rent control law does not apply to the land involved in the action sub judice. But even if it does apply, we hold that no exhausting of administrative remedies is required to enable the plaintiff to seek judicial relief; that the applicable statute of limitations is 5 V.I.C. § 31(4)(B); that plaintiff's action is barred by application of the equitable doctrine of laches; that defendant may recover on its counterclaim only the sum of $640.00 for rent unpaid to the date of removal in January

1986; and that each party shall bear its own costs and attorney's fees.

## JUDGMENT

The Court having entered its Memorandum Opinion in this matter on even date, it is hereby ORDERED, ADJUDGED and DECREED:

1. That plaintiff's action is dismissed with prejudice.

2. That defendant shall recover from plaintiff the sum of $640.00 as rent due plaintiff for the period October 1984 through January 1986, 16 months at $40.00 a month. All other counterclaims of defendant are dismissed with prejudice.

3. That each party shall bear their own costs and attorney's fees.